[Crim. No. 6094. First Dist., Div. Two. Dec. 20, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. BALKWILL JONES, Defendant and Appellant.

Richard M. Schnal and Donald H. Smith for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Michael J. Phelan and Lawrence R. Mansir, Deputy Attorneys General, for Plaintiff and Respondent.

AGEE, J.—Defendant appeals following a conviction by the court of a violation of Penal Code, section 270, which provides that the father of a minor child ''who willfully omits without lawful excuse'' to furnish necessary support for such child is guilty of a criminal offense.

The facts are not in dispute. Appellant and the mother of the subject child were divorced in Florida in August 1957, where the three then resided. In June 1958 the mother and child moved to California and have been residents thereof ever since. The nonsupport period charged in the information is from May 18, 1962 to May 18, 1965, during which period the mother and child resided in Monterey County.

Appellant did not during such period furnish any support for the child except for one payment of $65 made in May 1963, pursuant to a reciprocal support order made in Ohio, the state in which he now resides.

Appellant put on no evidence at the trial herein except to obtain a stipulation that he had never been in the State of California until extradited from the State of Ohio. ■ His *sole* defense on appeal is stated as follows: ''A non-resident of this state who has never been in this state cannot commit an offense within this state.'' We do not agree.

The offense is committed at the place where the child resides. In the early case of *In re Bryant* (1928) 94 Cal.App. 791, 794-795 [271 P. 926], the court stated: ''It is also contended that the evidence fails to show that any offense was committed in the county of San Benito. There is no merit in this contention. The venue of the offense denounced by section 270 of the Penal Code is properly laid and proved in the county where the children were supported or maintained. Here the children were in the custody of their mother and maintained by her in San Benito County. The mother's place of residence determines the question as to jurisdiction.'' (It will be noted that this is not a venue case in the usual sense, i.e., the place of trial was not involved; the proceeding was one in habeas corpus and the issue was whether or not the defendant had committed the offense in San Benito County.)

Another decision in point is *In re Gornostayoff*, 113 Cal. App. 255 [298 P. 55], in which the court denied a writ of habeas corpus sought by a father who was detained in California pursuant to a warrant of extradition to Ohio on a nonsupport charge. The petitioner claimed that he was not physically in the State of Ohio on the dates alleged in the criminal complaint. The court, in refusing the writ, stated: ''There is no merit in the petition. Considering the character of the offense with which he is charged, his presence within the state was not necessary to enable him to commit the same.''

The *precise* question at bench was presented to the Attor-

ney General in 1954 and the following conclusion was reached: "A father who fails and refuses to provide for the support of his minor child, who resides with its mother in the State of California, is guilty of a violation of Penal Code Section 270, although the father never has been in the State of California." (23 Ops. Cal.Atty.Gen. 210.)

Appellant refers to the general rule regarding the necessity that some "overt act" be committed in this state. The use of this phrase is somewhat misleading when applied to the particular offense involved herein.

As pointed out by the Attorney General: "The offense of failing to provide support for minor children is a crime of omission rather than commission. Necessarily the offense is committed by the failure of the defendant to act, which failure on his part causes a condition of dependency and destitute circumstances." (*Ibid.* p. 211.)

Penal Code, section 778 shows legislative recognition of the concept that a defendant may violate a California penal statute even though outside of the state at the time of its commission.[1]

Likewise, Code of Civil Procedure, section 1660, which is part of the Uniform Reciprocal Enforcement of Support Act, provides in part as follows: "The provisions for extradition of criminals not inconsistent herewith shall apply to any such demand although the person whose surrender is demanded was not in the demanding state at the time of the commission of the crime and although he had not fled therefrom."

These statutes are in accord with well-established precedents. In *Strassheim* v. *Daily*, 221 U.S. 280, 285 [55 L.Ed. 735, 738, 31 S.Ct. 558] the court stated: "Acts done outside a jurisdiction, but intended to produce and producing detrimental effects within it, justify a State in punishing the cause of the harm as if he had been present at the effect, if the State should succeed in getting him within its power."

Another statute which demonstrates California's rejection of the theory that a person must be physically present in the victim state at the time of the crime before that state can punish him is Penal Code, section 1549.1. It provides that

---

[1]This section provides: "When the commission of a public offense, commenced without the State, is consummated within its boundaries by a defendant, himself outside the State, through the intervention of an innocent or guilty agent or any other means proceeding directly from said defendant, he is liable to punishment therefor in this State in any competent court within the jurisdictional territory of which the offense is consummated."

California may surrender a person charged with a crime in a state demanding extradition even though that person was not present in the demanding state at the time the crime was committed and even though that person has not fled from the demanding state. It is enough if the person is charged ''with committing an act in this State [California], or in a third State, intentionally resulting in a crime in the State whose executive authority is making the demand.''

We have concluded that appellant was properly convicted of a violation of Penal Code, section 270 and that such offense was committed in Monterey County, California.

■ We turn now to the question of whether the trial court erred in finding appellant guilty of a felony instead of a misdemeanor.

Section 270 was rewritten in 1923. The first sentence read as follows: ''A father of either a legitimate or illegitimate minor child who wilfully omits without lawful excuse to furnish necessary food, clothing, shelter or medical attendance [or other remedial care] [2] for his child is guilty of a *misdemeanor. . . .''* (Italics ours.)

In 1939, the Legislature added the following sentence to the section: ''If the father, during such violation, remains out of the State for 30 days, or if he fails or refuses to comply with the order of a court of competent jurisdiction requiring him to make any provision for the maintenance, support, medical treatment or other remedial care of such minor child and remains out of the State for 10 days without doing so, he is guilty of a *felony.''* (Stats. 1939, ch. 1001, p. 2783; italics ours.)

Thus, in two situations the offense is made a felony, (1) where the father remains out of the state for 30 days during the period of the violation charged, or (2) fails to comply with a court order for child support *and* remains out of the state for 10 days without so complying.

In either situation the basic element which makes the offense a felony instead of a misdemeanor is that the father *''remains out of the state.''* Thus, a nonsupporting father who remains in the state of his domicile may be convicted of a felony if that state is other than California, whereas he may be convicted only of a misdemeanor if that state is California.

Discrimination *solely* on the basis of location inside or outside of the state bears no more relation to the punitive and

---

2Added in 1925. (Stats. 1925, ch. 325, p. 544.)

deterrent purposes of section 270 than differing locations of nonsupporting fathers within this state.

We think that any such discrimination would result in a denial to nonresident fathers of equal protection of the laws, as guaranteed by the Fourtenth Amendment to the United States Constitution.

Although increased punishment might reasonably be provided for nonsupporting fathers who were at one time during the period of nonsupport within the State of California and fled to evade their obligations, this case presents no such fact.

Application of the felony provision of section 270 to the factual situation herein presents the paradox of a nonresident father being convicted of a felony for the *same conduct* for which a resident father could only be convicted of a misdemeanor.

It seems clear that the Legislature intended that this provision should apply to a resident father who *compounds* his offense of omission (nonsupport) with an act of commission, i.e., fleeing from the state.

Such provision was not intended to apply to a nonresident father where the act of commission which caused the offense to be charged as a felony, i.e., moving the child to California, was committed by the *mother* without his knowledge or consent. (It is true that this move did not violate the custody provisions in the Florida divorce decree.)

The order granting probation is set aside and the cause remanded to the lower court for such further proceedings as may be proper; the purported appeals from the other matters included in the Notice of Appeal are dismissed.

Shoemaker, P. J., and Taylor, J., concurred.