[No. 289-2.    Division Two.    April 19, 1971.]

THE STATE OF WASHINGTON, *Respondent,* v. RICHARD M. KLEIN, *Appellant.*

*Richard L. Norman* (of *Springer & Norman*), for appellant.

*Henry R. Dunn, Prosecuting Attorney,* and *Ronald B. Webster, Deputy,* for respondent.

PEARSON, J.—The defendant, Richard M. Klein, was brought into the state of Washington from his home in Montana under an extradition warrant served upon him in

the latter state. The warrant charged him with violation of Washington's criminal nonsupport statute (RCW 26.20.030(1)(b)). He stood trial and was convicted of that crime in the Cowlitz County Superior Court. As part of the conditions of probation, defendant was required to pay $40 per month per child until the children reached the age of 21 years.

The parties agree that defendant had never lived in Washington, had never voluntarily entered this state, nor was he in violation of the support order of any Washington court. At all appropriate times defendant asserted motions challenging the jurisdiction of the Washington court. From denial of these motions and from the judgment and sentence entered, defendant appeals.

Some further background is necessary. The defendant and his former wife (who initiated the nonsupport charge) were married in Montana in 1953. Defendant was thereafter called into military service and while he was overseas, his wife commenced an action for divorce in Montana. A decree of divorce was entered in 1956, without provision for support for the two children of the marriage.

Subsequent to the divorce, defendant returned to Montana, where he has remained to the present, except for a short stay in Wyoming. In 1961 defendant's ex-wife removed herself and the two children to Cowlitz County, Washington, where she has resided to the present time. In 1965, she commenced an action under the Uniform Reciprocal Enforcement of Support Act (RCW 26.21 *et seq.*) which ultimately resulted in a proceeding in Montana and an order of a Montana court requiring defendant to pay a total monthly child support of $12.50 for both children. Defendant neglected almost completely to follow the command of that order.[1]

All assignments of error relate to the same question: whether or not the Cowlitz County Superior Court had jurisdiction to try, convict, and sentence him for criminal

---

[1]Testimony indicates that defendant paid $12.50 at one time and later another $75.

nonsupport. The challenge to the court's jurisdiction is premised upon the sixth amendment to the United States Constitution, which provides:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, *by an impartial jury of the state and district wherein the crime shall have been committed,* which district shall have been previously ascertained by law, . . .

(Italics ours.)

It is contended that since the defendant had never been in Washington nor in violation of the order of any Washington court, he committed no crime within this state and consequently the Washington court was without jurisdiction to try him for criminal nonsupport.

We reject this argument. It is true that some few jurisdictions appear to hold that the criminal omission occurs where the father resides and that its situs moves with him. *In re Alexander,* 42 Del. 461, 36 A.2d 361 (1944). Other jurisdictions find that nonsupport is a continuing omission to act wherever the child is located. *State ex rel. Brito v. Warrick,* 176 Neb. 211, 125 N.W.2d 545 (1964); *see generally,* 44 A.L.R.2d 886 (1955). While we find that no Washington Supreme Court decision has reached this question, we think the legislature has expressed its intention with particular specificity.

■  The statute (RCW 26.20.030(1)(b)) which creates the crime of nonsupport makes no reference to the delinquent parent's domicile. It provides:[2]

(1) Every person who:

. . .

(b) Wilfully omits, without lawful excuse, to furnish necessary food, clothing, shelter, or medical attendance for his or her child or children or ward or wards; . . .
. . . shall be guilty of the crime of family desertion or nonsupport.

The extradition provisions of the Uniform Reciprocal En-

---

[2]During the period of nonsupport charged in the information the legislature amended RCW 26.20.030(1)(b) to include stepchildren. This change is immaterial to this action.

forcement of Support Act (RCW 26.21.040) which were invoked to obtain jurisdiction of appellant, are explicit.

> The governor of this state (1) may demand from the governor of any other state the surrender of any person found in such other state who is charged in this state with the crime of failing to provide for the support of any person in this state . . . The provisions for extradition of criminals not inconsistent herewith shall apply to any such demand *although the person whose surrender is demanded was not in the demanding state at the time of the commission of the crime and although he had not fled therefrom.* Neither the demand, the oath nor any proceedings for extradition pursuant to this section need state or show that the person whose surrender is demanded has fled from justice, or at the time of the commission of the crime was in the demanding or the other state. [Amended by Laws of 1963, ch. 45, § 3, p. 397, effective March 19, 1963.][3]

(Italics ours.)

By considering these statutes together, the legislative intent is clear. The nonsupporting parent, regardless of where he resides, has violated RCW 26.20.030(1)(b) if he willfully omits, without lawful excuse, to support his minor children living in Washington.

Such a result is wholly consonant with the purpose of the Uniform Reciprocal Enforcement of Support Act, namely to enable a dependent in one state to initiate proceedings in the state of his domicile to obtain support from a parent residing in another state who is legally liable to support such dependent. *See Davidson v. Davidson,* 66 Wn.2d 780, 405 P.2d 261 (1965).

We have no hesitancy in ruling that the offense herein was committed at the place where the children live. We think the crime of nonsupport logically occurs in that locale, since the state of domicile of the children has a compelling interest in the welfare of children within its territorial limits. If the nonresident parent fails in his obligation of support, then the state where the children are living has

---

[3]Montana has a similar provision. Revised Code of Montana, vol. 7, § 93-2601-41 (1968).

a duty to see that they are protected and furnished with necessaries. *State ex rel. Brito v. Warrick, supra; Clayton v. Wichael,* 258 Iowa 1037, 141 N.W.2d 538 (1966); *Ex parte Heath,* 87 Mont. 370, 287 P. 636 (1930). We hold, therefore, that nonsupport is a continuing omission to act wherever the minor children are located.

We do not suggest that the crime of nonsupport occurs *only* in the state where the children are living. Most states have adopted the Uniform Reciprocal Enforcement of Support Act, and many also have penal statutes similar to our own. We do not by this opinion imply that such state is foreclosed from criminal remedies against an errant parent who fails to support children living elsewhere.

Appellant contends that application of the rule suggested creates a hardship, since he can be sent to a distant place for trial where he has no friends, where he is unknown, and to which all witnesses must be transported. We point out in answer to this contention that under the Uniform Reciprocal Enforcement of Support Act, the Governor of Montana could have refused extradition, had appellant complied with the Montana support order. *See* RCW 26.21.050 (5). The hardship, if any, was due to appellant's own willful neglect.

■ Appellant also argues that he is not a person punishable under RCW 9.01.050 (1),[4] inasmuch as that statute requires that such person have committed the crime within the state. However, subsection (5)[5] of RCW 9.01.050 also makes punishable a person who commits an act without the state which affects persons or property within the state. We reject appellant's further contention that subsection (5) is not applicable, since appellant has not committed an af-

[4]RCW 9.01.050 provides, in part:

"The following persons are liable to punishment:

"(1) A person who commits in the state any crime, in whole or in part."

[5]"(5) A person who commits an act without the state which affects persons or property within the state, or the public health, morals or decency of the state, which, if committed within the state, would be a crime."

firmative *act* without the state, but merely an omission. In answer to such contention, it is our view that the penal statute specifically makes the omission to support an affirmative penal act. To the same effect, *see State ex rel. Brito v. Warrick, supra.*

Appellant also complains that the penalties for nonsupport in Washington are more severe than in Montana[6] and that the severity of punishment should not be dictated by the happenstance of his wife or children. Again, we say that appellant could have avoided such consequence by the simple expediency of complying with the extremely modest support order entered by the Montana court.

Judgment and sentence are affirmed.

PETRIE, C.J., and ARMSTRONG, J., concur.

---

[6]The maximum penalty for criminal nonsupport under Montana law is 5 years (Revised Code of Montana, vol. 8, § 94-304-11020 (1969)), while in Washington such maximum penalty is 20 years. (RCW 26.20.030)