539 P.2d 250

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Lester G. SHAW, Defendant-Appellant.**

**No. 11577.**

Supreme Court of Idaho.

Aug. 7, 1975.

William H. Foster, Grangeville, for defendant-appellant.

Wayne L. Kidwell, Atty. Gen., Jake W. Peterson, Ronald D. Bruse, Asst. Attys. Gen., Boise, for plaintiff-respondent.

McFADDEN, Justice.

Lester G. Shaw, the defendant-appellant, was charged by an information with the felony of not supporting his three minor children living with their mother, appellant's former wife during a two year period prior to April 1973, in violation of the provisions of I.C. § 18–401.[1] He was tried before a jury which returned a verdict of

1. "18–401. Desertion and nonsupport of children or wife.—Every person who,
   1. * * *
   2. Wilfully omits, without lawful excuse, to furnish necessary food, clothing, shelter, or medical attendance for his or her child or children, or ward or wards;

   3. * * *
   Shall be guilty of a felony and shall be punishable by a fine of not more than $500, or by imprisonment for not to exceed fourteen years, or both."

guilty. Subsequently, following motions for new trial and for arrest of judgment and the submission of a pre-sentence investigation, Judge Swanstrom entered judgment adjudging the appellant guilty on the verdict and sentenced him to a two year term. This sentence, however, was suspended and the defendant placed on probation with the department of probation and parole. It is from this judgment this appeal was taken.

It is the conclusion of this court that the judgment in this case must be reversed by reason of errors in the admission of certain testimony.

During the trial, there was some evidence that the defendant was suffering from a disability, and the state conceded that if Shaw were unable to support his children during the time in question he could not be found guilty of the crime. The state attempted to introduce some evidence purporting to show ability on the part of Shaw to support his children. An attorney who had represented Mrs. Shaw in certain civil proceedings testified over defendant's objection that at Mrs. Shaw's request he investigated to determine whether the defendant had received payment for a Serviceman's Group Life Insurance policy after the death of an older son of the Shaws. This attorney testified that he called the office of the Serviceman's Group Life Insurance Company in Newark, New Jersey, and spoke with a woman whose name he could not remember. The woman told him that $7,500, or one half of the face value of the policy had been paid to Shaw.

■ Defense counsel's objection to this testimony was that it was hearsay. The objection was overruled. The only witness concerning this issue was the attorney. He simply testified what an anonymous woman had told him over the phone. Where this woman received her information was not made clear. The testimony was offered to prove the truth of the matter asserted, that Shaw had received $7,500. This was clearly hearsay. Bell,

Handbook on Evidence for the Idaho Lawyer, p. 126 (2d ed. 1972). We find no exception to the hearsay rule which would allow such testimony to be admitted over objection, and this ruling by the trial court was error. We cannot say that the error was harmless, since this evidence was crucial to the state's case that the defendant had the means to pay for the support of his minor children. Thus the conviction must be reversed and cause remanded for new trial.

This case being reversed for new trial, other issues are hereinafter discussed. I.C. § 1–205.

■ Defendant's principal contention is that since he was residing in Nevada at the times relevant to the charge of nonsupport of his minor children, the crime, if any, occurred, not in Idaho but in Nevada. Defendant thus argues that Idaho has no jurisdiction to try him.

This court has not previously ruled on this direct issue of jurisdiction in child non-support cases. However, appellate courts of other states have found jurisdiction to exist under similar statutes where non-support of children took place in one state, while the father resided in another state. See, *Poole v. State*, 60 Wis. 2d 152, 208 N.W.2d 328 (1973); *State v. Klein*, 4 Wash.App. 736, 484 P.2d 455 (1971); *People v. Jones*, 257 Cal.App.2d 235, 64 Cal. Rptr. 622 (1967); *State v. Warrick*, 176 Neb. 211, 125 N.W.2d 545 (1964). In an analogous situation this court impliedly held that Washington had jurisdiction to try an Idaho resident for non-support of minor children living in Washington. *Derr v. Wilcox*, 94 Idaho 321, 487 P.2d 684 (1971). In that case this court affirmed an order extraditing Derr, an Idaho resident, to Washington on charges he did not support his children residing there.

I.C. § 19–302 provides:

"Offenses commenced without the state.—When the commission of a public offense, commenced without the state is consummated within its boundaries, the

defendant is liable to punishment therefor in this state, *though he was out of the state at the time of the commission of the offense charged.*" (emphasis added) It is the conclusion of this court that under the statute and facts of this case the Idaho court had jurisdiction to try defendant.

During the course of the trial another issue was presented concerning the burden of proof of non-ability to support. It was the contention of defendant that the burden was on the state on its case in chief to establish by proof beyond a reasonable doubt that defendant had the ability to furnish the support for his minor children. The position of the state is that I.C. § 18–403 affords a presumption to the state which eliminates any obligation on the part of the state to establish its prima facie case. I.C. § 18–403 reads in pertinent part:

> "Proof of * * * the omission to furnish necessary food, clothing, shelter, or medical attendance for a child or children, ward or wards, *is prima facie evidence* that such * * * omission to furnish food, clothing, shelter, or medical attendance is wilful." (Emphasis added.)

And I.C. § 18–405 provides in pertinent part:

> "* * * Proof * * * of neglect to furnish such * * * child, or children necessary and proper food, clothing or shelter is prima facie evidence that such desertion or neglect is wilful."

▆ Both of these statutory provisions are directed to the same issue, i. e., how the state must prove a violation of the non-support of children statute, I.C. § 18–401. These statutory provisions provide that proof of the failure to provide by the parent carries with it the rebuttable inference that such failure to provide was wilful on the part of the defendant. Thus, the state in a case of this nature in order to establish a prima facie case need only establish the venue of the action, its timeliness, proof of failure to provide, and the statute establishes the inference of the wilful nature of the failure to provide.

▆ It is the conclusion of this court that there is sufficient connection between the fact of failure to support and the ultimate fact of wilfulness of such non-support as to justify the giving of a jury instruction on the presumption of wilfulness. See, *State v. Trowbridge,* 95 Idaho 640, 516 P.2d 362 (1975). If it is not done wilfully, a defendant can establish facts to show his inability, or circumstances justifying such non-support. The proof of such inability or circumstances generally are readily available to such a defendant. We find no infirmity in this statutory presumption.

▆ Once a prima facie case has been established by the state the defendant, as in other criminal cases, must then present any defense he wishes to interpose. If he wishes to challenge the wilfulness of any failure to support, he need only raise a reasonable doubt as to that issue. Such issues, i. e., whether the defendant's actions or omissions were wilful, whether he raises such a reasonable doubt to overcome the presumption of wilfulness afforded by the statutes, and whether the state thereafter has overcome by proof beyond a reasonable doubt his ability to provide or support and the wilful nature of his non-support or omission, are all factual issues for resolution by the jury.[2]

▆ Finally, defendant questions the propriety of having the complaining witness, Mrs. Shaw, seated at the counsel table with the prosecuting attorney during

---

2. This court has considered the recent decision of the Supreme Court of the United States in *Mullaney v. Wilbur,* —— U.S. ——, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975). That case is distinguishable in that the Maine statute under consideration required a defendant to prove by a preponderance of the evidence that he acted in the heat of passion to reduce the charge to manslaughter. There the court held the Maine statutory requirement was unconstitutional as a violation of due process. In the instant action, all the defendant has to do is to raise a reasonable doubt.

these proceedings. Ordinarily witnesses (other than a defendant) should not be seated at counsel table unless a showing is made to the trial judge of the necessity of having the witness present with counsel to facilitate the trial of the case. Whether a witness should be allowed to remain at counsel table is addressed to the discretion of the trial court.

The judgment of the trial court is reversed and the cause remanded for further proceedings.

McQUADE, C. J., and DONALDSON, SHEPARD and BAKES, JJ., concur.