The STATE of Texas, Appellant,

v.

Anthony Juan PAIZ, Appellee.

No. 07–89–0128–CR.

Court of Appeals of Texas,
Amarillo.

Sept. 26, 1989.

Danny Hill, Dist. Atty., Bruce Sadler, Asst. Dist. Atty., Amarillo, for appellant.

Richard Perry, Amarillo, for appellee.

Before DODSON, BOYD and POFF, JJ.

BOYD, Justice.

The State of Texas, as appellant, brings this appeal from the trial court's grant of a Motion to Quash the Indictment submitted by appellee, Anthony Juan Paiz. We reverse the order of the trial court and remand the cause for trial.

The indictment, which charged appellee with the offense of criminal nonsupport, alleged that appellee failed to support his minor child, Betsy Lynn West, who was born in Colorado in 1973. Appellee was, and still remains, a resident of Colorado, where he was arrested and extradited to Texas. At the hearing on the motion to quash, appellee testified, and the State does not deny, that he has lived in Colorado for his entire life and has never been in Texas until extradited here. Although appellee has never been a party to any proceeding regarding the child, he was a party to a paternity suit brought in Colorado by the child's mother in approximately 1975. Appellee also stated that he knew Betsy had been born in Colorado but did not know that the child had moved to Texas until he went to court in Colorado for the paternity action.

In his Motion to Quash the Indictment, appellee alleged that the 181st District Court of Potter County, Texas did not have jurisdiction over the offense because, among other things, appellee committed no crime within the territorial jurisdiction of Texas, never resided in Texas, and was never ordered by a Texas court to provide child support. Appellee also alleged that the offense of criminal nonsupport, as defined in Section 25.05 of the Texas Penal Code, is unconstitutional as applied to this situation in that it violates the Fifth, Sixth and Fourteenth Amendments to the Consti-

tution of the United States and Article I, section 19, of the Texas Constitution.

Appellant contends in its only point of error that the trial court erred in granting appellee's Motion to Quash the Indictment and relies primarily on the Texas Penal Code Annotated, section 1.04 (Vernon 1974) and section 25.05 (Vernon 1989) and Texas Code of Criminal Procedure Annotated, article 13.16 (Vernon 1977). Thus, the question presented to this Court is whether the Texas court has jurisdiction over a criminal nonsupport case when the defendant has never been in Texas and is not in violation of a Texas court order.

■ Appellee correctly states that there is no Texas authority on point in this matter; therefore, it is necessary to examine the results reached by other jurisdictions concerning the same or similar circumstances. While we recognize that some states have held that criminal nonsupport occurs where the father, or obligor, resides, *In re Alexander,* 42 Del. 461, 36 A.2d 361 (1944); *Louisiana v. Smith,* 145 La. 913, 83 So. 189 (1919), we believe the modern trend in other states is to invoke jurisdiction where the minor child resides. *See State v. Shaw,* 96 Idaho 897, 539 P.2d 250 (1975); *Poole v. State,* 60 Wis.2d 152, 208 N.W.2d 328 (1973); *State v. Klein,* 4 Wash.App. 736, 484 P.2d 455 (Ct.App.1971); *People v. Jones,* 257 Cal.App.2d 235, 64 Cal.Rptr. 622 (1967).

Although our Court of Criminal Appeals has not decided this issue, the Texas Legislature has made its intentions clear on what to do when an obligor fails to support his or her minor children in this state. Section 25.05 of the Texas Penal Code (Vernon 1989) provides in part:

(a) an individual commits an offense if he intentionally or knowingly fails to provide support for his child younger than 18 years of age, or for his child who is the subject of a court order requiring the individual to support the child.

Appellee does not deny that he failed to pay child support; therefore, that question is not before this Court.

Since the statute makes no reference to the domicile of the obligor, we must look to the more general territorial jurisdiction statute enunciated in the Texas Penal Code section 1.04 (Vernon 1974) which provides:

(a) This state has jurisdiction over an offense that a person commits by his own conduct or the conduct of another for which he is criminally responsible if:

(1) either the conduct or a result that is an element of the offense occurs inside this state ...

(c) An offense based on an omission to perform a duty imposed on an actor by a statute of this state is committed inside this state regardless of the location of the actor at the time of the offense.

When viewed together, these statutes confer jurisdiction over criminal nonsupport by appellee. Appellee is charged with failing to provide support for his minor child who resides in Potter County, Texas. The United States Supreme Court has stated that there can be no question about the legitimacy of the purpose to cause parents to support their children. *Jones v. Helms,* 452 U.S. 412, 423, 101 S.Ct. 2434, 2442, 69 L.Ed.2d 118 (1981). The question here, arises as to the legitimacy of the territorial jurisdiction statute. Appellant relies on the theory articulated by Justice Oliver Wendell Holmes and the United States Supreme Court in *Strassheim v. Daily,* 221 U.S. 280, 285, 31 S.Ct. 558, 560, 55 L.Ed. 735, 738 (1911) that:

Acts done outside a jurisdiction, but intended to produce and producing detrimental effects within it, justify a state in punishing the cause of the harm as if he had been present at the effect, if the State should succeed in getting him within its grasp.

The Texas Court of Criminal Appeals has adopted this "objective territory" theory of *Strassheim* and explained in *Roberts v. State,* 619 S.W.2d 161, 164 (Tex.Crim.App. 1981) that Texas Penal Code, section 1.04 incorporates the theory as well. The Court further quoted with approval the statement in 22 C.J.S. Criminal Law section 134 that:

... if a crime is defined so as to include some of the consequences of an act, as well as the act itself, the crime is generally regarded as having been committed

where the consequences occur, regardless of where the act took place, and under a statute so providing a person who commits an act outside the state which affects persons or property within the state, and which, if committed within the state, would be a crime, is punishable as if the act were committed within the state.

*Id.*

We recognize that *Roberts* is not a case involving child support but rather interference with child custody; however, we believe that the same theory should apply in this case. The *Roberts* Court concluded that Texas' interest in protecting the rights of child custody of its residents gives the state jurisdiction to punish the acts of a person committed wholly outside its territorial boundaries when those acts frustrate this valid interest. *Id.* Texas also has a legitimate interest in seeing that children within its jurisdiction are supported by their parents so as not to become wards of the state. The act of nonsupport of a minor child is a continuous offense committed by omission or neglect. *Ex parte Beeth*, 142 Tex.Cr.R. 511, 154 S.W.2d 484, 485 (1941). Moreover, appellee's failure to support his child results in detrimental harm to her where she lives. *See Rios v. State*, 733 P.2d 242, 248 (1987); *State v. Shaw*, 539 P.2d at 252; *State v. Klein*, 484 P.2d at 457; *People v. Jones*, 64 Cal.Rptr. at 623. Texas has a compelling interest in the welfare of children within its jurisdiction and the legislature has enacted specific statutes which are justified in punishing out of state obligors who fail to support those children.

The act of appellee failing to support his child, or in other words, the omission of his duty to support his child, resulted in harm to Betsy in Potter County, Texas. We conclude, therefore, that the Texas courts have jurisdiction over the subject matter of this cause and are justified in punishing the acts or omissions of appellee even though he neither resided nor visited Texas nor violated a Texas court order and that venue of this particular action is properly in Potter County.

Appellant's point of error is sustained, the order of the trial court is reversed and the cause remanded for trial.