**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-25-00039-CR**
**NO. 09-25-00040-CR**
**NO. 09-25-00041-CR**
**NO. 09-25-00042-CR**
**NO. 09-25-00043-CR**

_____

**CONNER JEFFERY DELANEY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

_____

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause Nos. 23-04-05540-CR, 23-04-05541-CR,**
**23-04-05543-CR, 23-04-05545-CR, and 23-04-05546-CR**

_____

**MEMORANDUM OPINION**

Conner Jeffery Delaney appeals his convictions for five counts of promotion

of child pornography, a second-degree felony at the time he committed the offenses.

*See* Act of May 31, 2015, 84th Leg., R.S., ch. 933, § 2, 2015 Tex. Gen. Laws 3221,

1

3221 (amended 2025) (current version at Tex. Penal Code Ann. § 43.26(g)). In each

case, a grand jury indicted Delaney as follows:

> THE GRAND JURY, for the County of Montgomery, State of Texas, duly selected, empaneled, sworn, charged, and organized as such . . . , upon their oaths present in and to said Court that Conner Jeffery Delaney, on or about April 06, 2023, . . . in the County and State aforesaid, . . . intentionally or knowingly promote[d] by giving, delivering, transferring, or transmitting visual material, to-wit: an electronic file consisting of [child pornography] and that visual material visually depicted, and the defendant knew it visually depicted, [the child pornography.[1]]

Delaney pleaded not guilty to the offenses. After a bench trial, the trial court found

him guilty as to all five counts. After reviewing the presentence investigation report

and hearing evidence during the punishment phase, the trial court sentenced Delaney

to eight years of imprisonment for each count and ordered the sentences to run

concurrently. In one appellate issue in each case, Delaney argues that the trial court

erred by denying Delaney's motion to quash the indictment and entering a judgment

of conviction, because he claims the trial court lacked territorial jurisdiction over his

conduct which he contends occurred entirely outside of Texas. Delaney argues that

he was in Missouri where he lived when he posted the child pornography to a private

---

[1] Delaney conceded at trial that the visual materials more specifically described in the indictments contained child pornography as defined by section 43.26, and he makes no argument otherwise on appeal. So, we do not discuss or include the actual details of that part of the indictments, nor do we include more specific descriptions of the visual images or videos in discussing the facts. Instead, we generally refer to the visual material as "child pornography."

Kik group and sent communications to members of the group relating thereto. We affirm the trial court's judgments.

Pretrial Motion to Quash

In each case, Delaney filed a written pretrial "Motion to Dismiss and/or to Quash Indictment[,]" (hereinafter "Motion to Quash") arguing that each indictment fails to allege that he committed an offense within the territorial jurisdiction of the State of Texas.[2] According to Delaney, "both the statutory language and the pattern jury charge establish that the offense of promotion of child pornography is a 'conduct' based offense, where criminal liability is based entirely on the conscious act of the defendant." Delaney argues that a defendant commits the offense when he or she possesses child pornography with the intent to promote it, or procures, manufactures, issues, sells, gives, provides, lends, mails, delivers, or transfers the material. Delaney contends that for a defendant to be found guilty under section

---

[2] In *Strassheim v. Daily*, 221 U.S. 280, 285 (1911), the Supreme Court explained:

> Acts done outside a jurisdiction, but intended to produce and producing detrimental effects within it, justify a State in punishing the cause of the harm as if he had been present at the effect, if the State should succeed in getting him within its power.

As noted in *Roberts v. State*, section 1.04(a)(1) of the Texas Penal Code incorporates the objective territorial theory stated in *Strassheim*. 619 S.W.2d 161, 164 (Tex. Crim. App. 1981); *see also State v. Paiz*, 777 S.W.2d 575, 576 (Tex. App.—Amarillo 1989), *aff'd as ref'd*, 817 S.W.2d 84 (Tex. Crim. App. 1991) (reading the statute for the offense together with section 1.04 of the Texas Penal Code to determine whether jurisdiction is conferred over the defendant's commission of the offense).

43.26(e), a jury charge requires the jury to find beyond a reasonable doubt that the defendant committed the conduct in Texas. According to Delaney, the requirements of section 1.04 of the Texas Penal Code are not met because there is no allegation in the indictment that he transmitted the material to anyone in Texas, no allegation that Delaney was in Texas or possessed anything in Texas, no allegation that Delaney sent the files directly to anyone even purporting to be in Texas, and that there is no allegation that the files were ever in Texas—except after being downloaded by Detective Jerry Serratt.

The State filed a Response to the Motion to Quash,[3] arguing that Texas law does not allow a defendant in a criminal case to attack the sufficiency or adequacy of an indictment by evidence beyond the four-corners of that indictment, and that territorial jurisdiction is a fact to be established through evidence at trial so it is not subject to attack in a pretrial motion to quash the indictment. The State cited cases wherein appellate courts determined whether Texas possessed territorial jurisdiction

---

[3] The State's Response to the Motion to Quash only appears in the clerk's record filed in appellate cause number 09-25-00042-CR. We note that in a footnote in the State's Response to the Motion to Quash, the State asserts that "[p]ursuant to the Notice of Master Case Number filed in the above cause, the State's Response to Defendant's Motion to Dismiss or Quash Indictment should be considered also filed in [trial] cause numbers 23-04-05540, 23-04-05541, 23-04-05543, and 23-04-05546."

over an offense after a defendant's conviction based on the evidence presented at trial.[4]

Delaney filed a Reply to the State's Response, asserting that the State is mistaken. In challenging the State's argument, Delaney relied on *McGowan v. State*, 938 S.W.2d 732, 734-36 (Tex. App.—Houston [14th Dist.] 1996), *aff'd sub nom. Weightman v. State*, 975 S.W.2d 621 (Tex. Crim. App. 1998). Delaney argued that under *McGowan*, it is permissible to argue prior to trial that the State of Texas lacks territorial jurisdiction over the conduct alleged, and that it is also permissible to challenge a conviction on the basis that the evidence at trial did not establish that the State of Texas had territorial jurisdiction over the defendant's conduct. According to Delaney, "*McGowan* stands for the principle that to rule on a motion to quash indictment for lack of territorial jurisdiction, the trial court should analyze the specific conduct the defendant is alleged to have engaged in." On February 14, 2024, the trial court signed an order denying Delaney's Motion to Quash.

Bench Trial

Delaney elected to have a bench trial. Prior to opening statements in the bench trial, the defense attorney verbally renewed the Motion to Quash, arguing that "[t]his

---

[4] *See Rodriguez v. State*, 146 S.W.3d 674, 676-77 (Tex. Crim. App. 2004); *Jessop v. State*, 368 S.W.3d 653, 665-66 (Tex. App.—Austin 2012, no pet.); *Torres v. State*, 141 S.W.3d 645, 654 (Tex. App.—El Paso 2004, pet. ref'd); *McGowan v. State*, 938 S.W.2d 732 (Tex. App.—Houston [14th Dist.] 1996), *aff'd sub nom. Weightman v. State*, 975 S.W.2d 621 (Tex. Crim. App. 1998).

is a conduct-based offense[]" and that none of Delaney's conduct occurred in Texas. Delaney's counsel argued that, although the alleged child pornography Delaney made "available" may make him subject to criminal charges where he resided, the child pornography "was not provided, disseminated, distributed, or anything else based upon [Delaney's] conduct" in Texas.

The State responded that the evidence would show that the Kik application where Delaney uploaded the child pornography requires active participation, that the material was not just uploaded passively, but that the active participation involved knowledge that the individuals in the private group would be receiving the material. The State relied on *McGowan* and argued that section 1.04 of the Texas Penal Code controls and the words used in the promotion of child pornography statute, including the verb "transmit," give Texas jurisdiction because the verbs allow the State of Texas to prosecute Delaney as a result of the defendant's conduct in Texas.

The trial court stated that it had already ruled on Delaney's Motion to Quash but noted that the defense could ask the trial court to reconsider its previous ruling after the presentation of evidence.

<u>Evidence at Trial and Renewed Motion</u>

Detective Jerry Serratt, with the Montgomery County Constable's Office, testified that he works with the Internet Crimes Against Children Task Force. Detective Serratt recounted that he has been involved in hundreds of investigations

6

involving the Kik application, described by Serratt as "a messaging app where you can message people, send pictures or send videos." Serratt explained that there are two different types of Kik groups—public groups made by an administrator who owns the group that can be searched for by topic and joined by anyone, and private groups where only the administrator of the group can allow certain people into the group. According to Serratt, Kik also can be used to communicate one-on-one between users. Serratt testified that a video uploaded to a Kik group is transferred and transmitted to all the other members of the Kik group that are logged on at that time.

Detective Serratt explained that he conducted an investigation involving Delaney, and at trial Serratt identified Delaney as the defendant. Serratt explained that at all times when he was communicating with and investigating Delaney, Serratt was in Montgomery County, Texas. During his communication with and investigation of Delaney, Serratt received pictures and videos transferred by Delaney to the ten-member private Kik group, which was titled "Incest Young," a group Serratt's undercover 28-year-old female "persona" had joined. According to Serratt, the purpose of the private group was for the posting of child pornography. Duplicates of five electronic files that Delaney transferred to Serratt were admitted into evidence, and Serratt testified that those files were the ones that resulted in the five indictments against Delaney. Serratt recalled that he was in Montgomery County,

Texas, when the images were transmitted to him, and that he used two undercover phones as part of his investigation. Serratt stated that he used the undercover phones to take screenshots of messages sent and received in the "Incest Young" group, and those screenshots were admitted into evidence. Serratt explained that to see the videos and photos that Delaney uploaded or sent to the group, all he had to do was join the group and click on the images. Detective Serratt described the details of the five videos posted by Delaney and testified that they portrayed child pornography involving young children. According to Serratt, he was able to identify Delaney as the person posting the videos and visual images by chatting directly with Delaney and building his trust. In doing so, Serratt was able to get Delaney to provide personal information to Serratt, like where Delaney lives, his age, and his sex. Serratt then used subpoenas served on Kik for IP addresses, as well as a database and information from Facebook, to obtain more identifying information on Delaney, including a physical address for Delaney. Screenshots of private chats between Delaney and Serratt's undercover persona on Kik were admitted into evidence, along with live photographs of Delaney's face that Delaney sent to Serratt through the Kik app. According to Serratt, Delaney also knew that Serratt was in Texas because Serratt's first message to Delaney stated that Serratt was a "28 fem from TX[,]" and Serratt testified that in one of the messages from Delaney to Serratt, Delaney mentioned that he wished Serratt lived closer and Delaney said, "Texas isn't too far

8

away." Serratt obtained arrest warrants for Delaney and a search warrant for Delaney's cell phone. During cross-examination, Serratt testified that the transferring of child pornography through Kik is a crime in each jurisdiction the child pornography is transmitted, and the crime is complete once the child pornography is downloaded and received.

Jeffrey Chappell, the director of the Digital Forensics Unit with the Montgomery County District Attorney's Office, testified that he extracted data from Delaney's phone as part of the investigation. Chappell explained that on the Kik application when an image or video is uploaded, it is transmitted to the members of the group that are online at the time, and that the transfer or transmittal is complete when the person who receives it views the image or video or reads the text. Chappell explained that the image or video which is originally sent is a coded file, and the actual video or image does not appear until the receiver clicks on it. According to Chappell's investigation, Delaney sent images of "child sexual abuse material" to the Kik account, and the images were received in Montgomery County by the undercover investigator. Chappell testified that, by Delaney sending the images through Kik and the undercover investigator receiving them, Delaney gave, delivered, transmitted, and transferred those images to the undercover investigator who was in Montgomery County, Texas.

9

After the presentation of evidence but prior to the parties' closing arguments, Delaney renewed his Motion to Quash. The trial court again denied the Motion as to all five counts stating it was denied "after hearing the testimony provided, along with a reading of 1.04 of the Texas Penal Code dealing with territorial jurisdiction, [and] understanding the arguments at this point[.]"

## Issue on Appeal

In one issue in each appeal, Delaney states that the trial court erred in denying his Motion to Quash the indictment because the indictment fails to allege that Delaney committed an offense within the territorial jurisdiction of the State of Texas. Delaney contends the elements of the offense of promotion of child pornography only include the defendant's conduct, including the act of an intentional communication constituting promotion to a person in Texas, and that the State's evidence at trial was insufficient to establish Delaney promoted child pornography in Texas. According to Delaney, "for territorial jurisdiction in Texas to exist based on an out-of-state act, the statute must clearly incorporate the result of that act as an element of the offense[.]" We interpret Delaney's challenge on appeal to be a legal sufficiency challenge.

## Standard of Review

In reviewing the legal sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict, we do not reweigh the evidence nor

determine the credibility of the evidence, nor do we substitute our judgment for that of the factfinder. *See Waalee v. State*, No. 09-07-00245-CR, 2009 Tex. App. LEXIS 1012, at **3-4, 7-8 (Tex. App.—Beaumont Feb. 11, 2009, no pet.) (mem. op., not designated for publication) (applying legal sufficiency standard to challenge to territorial jurisdiction); *see also Torres v. State*, 141 S.W.3d 645, 654 (Tex. App.— El Paso 2004, pet. ref'd) (same). In reviewing the legal sufficiency of the evidence, we give deference to the factfinder's responsibility to fairly resolve conflicts in the testimony, to weigh evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). If the record contains conflicting inferences, we must presume that the factfinder resolved such facts in favor of the verdict and defer to that resolution. *Brooks v. State*, 323 S.W.3d 893, 899 n.13 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 326 (1979)). The factfinder is the sole judge of the weight of the evidence and credibility of the witnesses, and the factfinder may believe all, some, or none of the testimony presented by the parties. *See Febus v. State*, 542 S.W.3d 568, 572 (Tex. Crim. App. 2018). Territorial jurisdiction may be established by circumstantial evidence. *See Waalee*, 2009 Tex. App. LEXIS 1012, at *8; *see also Torres*, 141 S.W.3d at 652.

Analysis

Section 1.04 of the Texas Penal Code states in relevant part as follows:

Sec. 1.04. Territorial Jurisdiction.
(a) This state has jurisdiction over an offense that a person commits by his own conduct or the conduct of another for which he is criminally responsible if:

> (1) either the conduct or a result that is an element of the offense occurs inside this state[.]

Tex. Penal Code Ann. § 1.04(a)(1). Delaney was indicted for offenses under Texas Penal Code section 43.26(e), and at the time of the alleged offenses, that statute stated that a person commits the offense of possession with intent to promote child pornography if "(1) the person knowingly or intentionally promotes or possesses with intent to promote material described by Subsection (a)(1); and (2) the person knows that the material depicts the child as described by Subsection (a)(1)." *See* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3685 (amended 2025) (current version at Tex. Penal Code Ann. § 43.26(e)). At the time of the alleged offenses, section 43.26(a)(1) defined "material" as material "that visually depicts a child younger than 18 years of age at the time the image of the child was made who is engaging in sexual conduct, including a child who engages in sexual conduct as a victim of an offense under Section 20A.02(a)(5), (6), (7), or (8)[.]" *See* Act of May 23, 2013, 83rd Leg., R.S., ch. 1252, § 20, 2013 Tex. Gen. Laws 3168, 3172 (amended 2025) (current version at Texas Penal Code Ann. § 43.26(a)(1)). Section 43.26 of the Texas Penal Code governs possession and promotion of child pornography, and possession and promotion are separate crimes set out in separate subsections and with separate punishment ranges. *Compare* Act

12

of May 23, 2013, 83rd Leg., R.S., ch. 1252, § 20, 2013 Tex. Gen. Laws 3168, 3172 (amended 2025) (current version at Tex. Penal Code Ann. § 43.26(a-1) (governing possession), with Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3685 (amended 2025) (current version at Tex. Penal Code Ann. § 43.26(e)) (governing promotion); *Haro v. State*, No. 03-20-00128-CR, 2024 Tex. App. LEXIS 8465, at \*\*4-5 (Tex. App.—Austin Dec. 6, 2024, no pet.) (mem. op., not designated for publication). "An offense under Subsection (a) is a felony of the third degree[.]" *See* Act of May 31, 2015, 84th Leg., R.S. ch. 933, § 2, 1993 Tex. Gen. Laws 3221, 3222 (amended 2023, 2025) (current version at Tex. Penal Code Ann. § 43.26(d)). "An offense under Subsection (e) is a felony of the second degree[.]" *See* Act of May 31, 2015, 84th Leg., R.S., ch. 933, § 2, 2015 Tex. Gen. Laws 3221, 3221 (amended 2025) (current version at Tex. Penal Code Ann. § 43.26(g)); *Haro*, 2024 Tex. App. LEXIS 8465, at \*5. Here, the indictments in each of the five cases alleged that Delaney intentionally or knowingly promoted child pornography "by giving, delivering, transferring, or transmitting visual material, to-wit: an electronic file consisting of [child pornography] and that visual material visually depicted, and the defendant knew it visually depicted, [child pornography]." The term "promote," as defined under Section 43.25(a) of the penal code, means "to procure, manufacture, issue, sell, give, provide, lend, mail, deliver, transfer, transmit, publish, distribute, circulate, disseminate, present, exhibit, or advertise or

to offer or agree to do any of the above." Tex. Penal Code Ann. § 43.25(a)(5). A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result. *Id.* § 6.03(a). A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist or when he is aware that his conduct is reasonably certain to cause the result. *See id.* § 6.03(b).

The applicable version of section 43.26(e), like all the sections in the Texas Penal Code defining criminal offenses, does not purport to establish the territorial jurisdiction of the State of Texas. *See generally Bayless v. State*, No. 05-99-01978-CR, 2003 Tex. App. LEXIS 3852, at *5 (Tex. App.—Dallas May 6, 2003, no pet.) (noting that none of the sections of the penal code defining criminal offenses establish the territorial jurisdiction of the State of Texas). The applicable version of section 43.26(e) lists specific actions that constitute an offense under the statute. *See* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3685 (amended 2025) (current version at Tex. Penal Code Ann. § 43.26(e)). Delaney concedes that the materials he uploaded constitute child pornography, he also does not challenge that he made the child pornography accessible to someone in Texas, nor does he contend he did not know he was transmitting child pornography to

14

others, and he does not challenge the constitutionality of section 43.26(e). Instead, Delaney argues that this is a conduct-based offense and that none of his conduct occurred in Texas.

Here, as noted above, each of the indictments alleged that Delaney intentionally or knowingly promoted child pornography in Texas by giving, delivering, transferring, or transmitting the child pornography. The statute does not define "give," "deliver," "transfer," or "transmit." When a particular term has not been legislatively defined, we construe that term according to common usage. *Watkins v. State*, 619 S.W.3d 265, 272 (Tex. Crim. App. 2021). We may consult standard or legal dictionaries to determine the meaning of undefined terms. *Clinton v. State*, 354 S.W.3d 795, 800 (Tex. Crim. App. 2011); *Ex parte Rieck*, 144 S.W.3d 510, 512-13 (Tex. Crim. App. 2004). To "give" is defined as to "voluntarily transfer (property) to another without compensation[.]" *See Gift*, Black's Law Dictionary (12th ed. 2024). To "deliver" is defined as to "voluntarily transfer[] something[.]" *See Delivery*, Black's Law Dictionary (12th ed. 2024). "Transfer" is defined as "[t]o convey or remove from one place or one person to another; to pass or hand over from one to another, esp. to change over the possession or control of[.]" *See Transfer*, Black's Law Dictionary (12th ed. 2024). "Transmit" means "[t]o send or transfer (a thing) from one person or place to another[;] to communicate[.]" *See Transmit*, Black's Law Dictionary (12th ed. 2024). Texas has territorial jurisdiction

15

over an offense if "either the conduct or a result that is an element of the offense occurs inside this state[.]" Tex. Penal Code Ann. § 1.04(a)(1). Delaney contends that the offense he is charged with in each case is a "conduct offense" and that there is no result that is an element of the offense. In *McGowan v. State*, the Fourteenth Court of Appeals addressed a similar argument made by a defendant appealing his convictions for commercial bribery and theft of trade secrets. *See* 938 S.W.2d at 734-36. During a sting operation investigating white collar crimes, Matthew McGowan, a Dresser-Rand salesman in Washington, obtained drawings of highly technical machinery parts from a Dresser-Rand office and transmitted the drawings to Kenneth Weightman, a secondary parts manufacturer who was not authorized to manufacture or sell the parts. *Id.* at 734. Weightman then wired McGowan money for the drawings and agreed to manufacture the parts for a dummy corporation created as part of the sting operation. *Id.* A Texas jury convicted McGowan of two counts of commercial bribery and one count of theft of trade secrets. *Id.*

On appeal, McGowan argued, among other things, that Texas lacked territorial jurisdiction because the crimes he allegedly committed do not fall within Texas's territorial jurisdiction as set forth in Section 1.04 of the Texas Penal Code. *See id.* at 734. McGowan argued that the State of Texas did not have jurisdiction to prosecute him for either offense "because neither 'the conduct or a result that is an element' of either offense occurred in Texas.'" *Id.* (quoting Tex. Penal Code Ann. §

16

1.04). As to the bribery offense, the State conceded it lacked territorial jurisdiction. That said, the State argued it had territorial jurisdiction to prosecute McGowan for the offense of theft of trade secrets. McGowan argued that the theft of trade secrets offense (1) was not a result-oriented crime and the crime is complete when the offending party attempts to communicate the secret whether or not the secret is successfully communicated; and (2) no element of the offense occurred in Texas because the offense was complete in Washington, the state from which McGowan transmitted the drawings to Weightman. *Id.* at 735. The State argued that Texas had jurisdiction because Weightman wired the money to McGowan from Texas, presumably in exchange for the documents McGowan sent to Texas. *Id.* at 734-35.

In concluding that McGowan's conduct as to the offense of theft of trade secrets fell within the territorial jurisdiction as outlined in Section 1.04, the Fourteenth Court of Appeals explained:

> If a crime covers only the conscious act of the wrongdoer, regardless of its consequences, the crime takes place and is punishable only where he acts; but, if a crime is defined so as to include some of the *consequences* of an act, as well as the act itself, the crime is generally regarded as having been committed where the consequences occur, regardless of where the act took place. . . (emphasis in original). *Roberts* [*v. State*], 619 S.W.2d [161,] 164 [(Tex. Crim. App. 1981)].
> . . .
> A person commits the offense of theft of trade secrets "if, without the owner's effective consent, he knowingly: (1) steals a trade secret; (2) makes a copy of an article representing a trade secret; or (3) communicates or transmits a trade secret." Tex. Penal Code Ann. [§] 31.05(b) []. Here, appellant transmitted alleged trade secrets to

17

Weightman in Texas by a facsimile machine. Thus, the issue is whether the transmission occurred in Texas, in Washington, or in both.

The verb "transmit" means "to send or transfer from one person or place to another, or to communicate." Black's [L]aw [D]ictionary 1344 (5th ed. 1979). A logical extension of this definition is that a transmission is complete when the party to whom the transmission is directed actually receives the transmission. As such, the transmittal occurred in both Texas and Washington, but was not complete until the drawings actually reached Weightman in Houston. Because the offense was complete only after the drawings were transmitted into Texas, an element of the offense occurred within Texas giving Texas jurisdiction under Section 1.04 of the [P]enal [C]ode.

*Id.* at 735-36.

We find *McGowan* instructive. The indictments here alleged that Delaney intended to promote child pornography in Texas. Detective Serratt testified when he was investigating Delaney, Serratt was in Montgomery County, Texas. Serratt explained that he was in Montgomery County, Texas, when the images Delaney uploaded to the Kik app were transmitted to Serratt. Serratt testified that Delaney knew that Serratt was in Texas because Serratt's first message to Delaney stated that Serratt was a "28 fem from TX[,]" and that in one of the messages from Delaney to Serratt, Delaney mentioned that he wished Serratt lived closer and then Delaney said but "Texas isn't too far away." Chappell, the director of the Digital Forensics Unit with the Montgomery County District Attorney's Office who extracted data from Delaney's phone as part of the investigation, testified that on the Kik application when an image or video is uploaded it is transmitted to the members of the group that are online at the time and that the transfer or transmittal is complete when the

18

person who receives it actually views the image or video or reads the text because what is originally sent is actually a coded image, and the actual video or image does not appear until the receiver clicks on it. According to Chappell, Delaney sent images of "child sexual abuse material" to the Kik account, and it was received in Montgomery County by the undercover investigator. Chappell testified that, by Delaney sending the images through Kik and the undercover investigator clicking on and receiving them in Texas, Delaney gave, delivered, transmitted, and transferred those images in Texas.[5]

---

[5] At trial, Delaney's attorney stated to the trial court as follows:

> I'm not alleging to the Court that these images -- I mean, these images are child sexual abuse material. That's not an issue. Were they uploaded by Conner Delaney? That's not the issue. . . . The issue is if there was, in fact, a crime committed, it was committed where the images were uploaded. In the words of Mr. Chappell, made accessible, transferred, and transmitted at the time and day and that location, not when they were downloaded by Sergeant Serratt.

The State responded to this argument at trial as follows:

> The way that this case has been alleged involved giving, delivering, transferring, or transmitting necessarily involves the result of conduct that occurs in Texas . . . . I think McGowen is directly on point. I will quote from that case. In that trade secrets offense, the transmittal occurred in both Texas and Washington, but was not complete until the drawings actually reached W[eigh]tman, the other co-defendant, in Houston in that case. That is exactly what we have here. Because of the way that these verbs are used, the results of the conduct necessarily happened in Conroe, Texas. And that is the only thing that is necessary to invoke Texas' statute for territorial jurisdiction.

On this record, the trial court could have reasonably determined that the offenses for which Delaney was convicted were completed when received by Detective Serratt in Texas, so that an element of the offense occurred within Texas, giving Texas jurisdiction under Section 1.04 of the Penal Code. *See McGowan*, 938 S.W.2d at 735-36 ("A logical extension of this definition is that a transmission is complete when the party to whom the transmission is directed actually receives the transmission."). It is undisputed that Detective Serratt was in Montgomery County, Texas, when the child pornography was delivered, transferred, or transmitted to him by Delaney. We conclude the trial court was correct in determining Texas has territorial jurisdiction over the offenses alleged in each of the indictments. *See* Tex. Penal Code Ann. § 1.04; Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3685 (amended 2025) (current version at Tex. Penal Code Ann. § 43.26(e)); *see also McGowan*, 938 S.W.2d at 735-36.[6] We overrule Delaney's issue on appeal in each case, and we affirm the trial court's judgments.

And thereafter, the trial court again denied the defendant's renewed motion.

[6] *See also Ex parte Ingram*, 533 S.W.3d 887, 903-04 (Tex. Crim. App. 2017) (Court of Criminal Appeals rejected appellant's contention that subsection (c) of section 33.021 of the Texas Penal Code dealing with online solicitation of a minor was unconstitutional because it impermissibly burdens interstate commerce in violation of the Commerce Clause; the Court noted that states have a compelling interest in protecting children from sexual exploitation and that states have taken various positions on extraterritorial regulation depending on whether the statute is aimed at personally directed communications versus the passive conduct of having a website that users access). We note that at least one other state has dealt with the issue we are presented with in the present case in a similar fashion. *See, e.g., State*

AFFIRMED.

LEANNE JOHNSON
Justice

Submitted on November 26, 2025
Opinion Delivered December 17, 2025
Do Not Publish

Before Golemon, C.J., Johnson and Wright, JJ.

---

*v. Gallegos*, No. A-1-CA-40795, 2023 N.M. App. Unpub. LEXIS 78, at \*\*1-5 (N.M. Ct. App. Feb. 21, 2023), *cert. denied*, 546 P.3d 856 (N.M. Apr. 3, 2023) (defendant admitted to distributing child pornography from his home in Colorado to a resident of New Mexico but argued that because he was physically present in Colorado at all relevant times he could not be convicted in New Mexico; the New Mexico Court of Appeals concluded that the district court properly concluded that "insofar as Defendant's act of distributing child pornography caused detrimental impact within New Mexico, where the illicit material was received, [New Mexico] has jurisdiction to prosecute[,]" and the appellate court noted that the United States Supreme Court has expanded the limits of strict territorial jurisdiction).