## G. A. JOHNSON v. STATE.

### No. A-379. Opinion Filed March 7, 1911.

#### (113 Pac. 997.)

1. **INTOXICATING LIQUORS—Possession with Intent to Sell—Admissibility of Evidence.** In prosecutions against a defendant for having in his possession whisky and beer with the unlawful intention of selling the same, it is not competent for the state to introduce evidence that liquors were consigned to the defendant at a time subsequent to the filing of the information or indictment against him.

2. . **SAMÉ.** Proof that liquor was consigned to a defendant who is being prosecuted for having liquor in his possession, with the unlawful intention of selling the same, is not competent, unless there is some other testimony connecting the defendant with such liquor.

(Syllabus by the Court.)

*Appeal from Coal County Court; A. D. Brown, Special Judge.*

G. A. Johnson was convicted of violating the prohibitory liquor law, and he appeals. Reversed and remanded.

*J. G. Ralls,* for appellant.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

FURMAN, PRESIDING JUDGE. On the 5th day of March, 1909, an information was filed in the county court of Coal county, Okla., charging that on the 3d day of March, 1909, in said county and state, the defendant did have in his possession whisky and beer, with the unlawful intention on his part to barter, sell, give away, and otherwise furnish said intoxicating liquors.

Upon the trial of this cause, the state placed C. L. Lindstrom upon the witness stand, and he testified that, since the 27th day of July, 1909, he had been agent of the Missouri, Kansas & Texas railroad station at the town of Coalgate, Coal county, Okla., and that the records of his office contained copies of bills of lading showing that on the 28th day of April, 1909, two casks of beer had been reecived at said office consigned to G. A. Johnson, and that on the 22d day of April, 1909, two casks of beer had been

received. at his office consigned to G. A. Johnson, and that on the 9th day of April, 1909, two casks of beer had been received at his office consigned to G. A. Johnson, and that on the 7th day of April, 1909, two casks of beer had been received at his office consigned to G. A. Johnson, and that on the 6th day of April, 1909, two casks of beer had been received at his office consigned to G. A. Johnson. This evidence was objected to by counsel for appellant upon the ground that it was incompetent, irrelevant, and immaterial, and the objections were by the court overruled. All of this evidence was improperly admitted, because it related to transactions that occurred after the filing of the information in this case, and should not have been received for the purpose of showing that the defendant had intoxicating liquors in his possession, with the unlawful intention on his part to sell the same, prior to the filing of the information. It requires neither argument nor citation of authorities to sustain the proposition that the guilt of the defendant must be complete at the time when the accusation is filed against him, and that no one can be lawfully convicted of an offense which was committed subsequent to the filing of the prosecution against him. Indictments and informations are based upon past occurrences, and not upon future contingencies which may or may not happen. The mere fact that intoxicating liquors may be consigned to a given person does not of itself prove that such person has a guilty connection with such liquors. Therefore, even if these shipments had been received by the agent at Coalgate consigned to the defendant prior to the filing of the information in this case, such fact would not be admissible in evidence against him, unless there was some other testimony connecting him with such liquors.

It matters not how anxious the members of this court may be to see the laws enforced and the judgments of the lower courts sustained, we cannot ignore the flagrant disregard of the most elementary principles of law and justice which are presented in the record before us. The defendant may be guilty; but we

5 Cr.—9

cannot sustain a conviction based upon illegal testimony, to which objections were made and exceptions were reserved at the proper time.

For the admission of this testimony, the judgment of the lower court is reversed, and the cause is remanded.

.ARMSTRONG and DOYLE, JUDGES, concur.