ADAMS, Plaintiff in error, vs. THE STATE, Defendant in error.

*October 6—October 24, 1916.*

*Criminal law: Abandonment and nonsupport of children: Evidence: Venue: Jurisdiction: Removal of children from father's residence: Instructions to jury: Harmless error.*

1. Evidence *held* to sustain defendant's conviction, under sec. 4587c, Stats., of abandonment and wilful refusal to provide for the support of his minor children.
2. The place where the children were, not where the father was, during the period complained of, fixes the venue of a prosecution for nonsupport of children.
3. So *held,* where the information charged that on May 1, 1915, at Waukesha, defendant had deserted and refused to provide for the support of his children, and the evidence showed that on April 25, 1915, defendant's wife left their home in Racine and went with the children to Waukesha, and that defendant had neglected and refused to support the children while they were living at Racine as well as while they were living at Waukesha.
4. Such removal of the children by the wife to another county, whether with cause (as in this case) or without cause therefor, would not justify the father in refusing to support them.

5. In a prosecution for nonsupport of children, under sec. 4587c, Stats., evidence of neglect by the father before and after the time charged may be considered.

6. The mere irrelevancy, under the proof, of an instruction to the jury is not ground for reversal, if it was not prejudicial and the jury was not misled by it.

ERROR to review a judgment of the municipal court of Waukesha county: MILO MUCKLESTON, Judge. *Affirmed.*

The plaintiff in error, hereinafter called defendant, was convicted in the municipal court of Waukesha county of the offense of abandonment of his minor children, aged six and four respectively, and was sentenced on the 10th day of March, 1916, to one year at hard labor in the state prison at Waupun. The case is here for review.

*D. J. Hemlock,* for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Mr. Messerschmidt.*

KERWIN, J. The information charged the defendant with wilfully and feloniously, on May 1, 1915, at the city of Waukesha, Waukesha county, Wisconsin, without lawful excuse, deserting and refusing to provide for the support and maintenance of his legitimate minor children under the age of sixteen years, viz. Hazel, aged six years, and Sheridan, aged four years, leaving them in destitute and necessitous circumstances.

It appears from the evidence that on the 25th day of April, 1915, the wife of defendant left her home in the city of Racine and went with her two children to Waukesha, Wisconsin. It further appears that for many months before the complainant left Racine defendant had furnished practically no support for his wife and children. The preliminary examination of defendant was had on July 23, 1915, and he was bound over to the September term of the municipal court.

The court also ordered that defendant be released on his own recognizance and that he pay $5 per week to his wife until the further order of the court, and that in default of payment the recognizance be forfeited and defendant confined in jail.

The trial of defendant was had in March, 1916, and it appears by the evidence that of the $5 weekly allowance ordered paid by the court at the preliminary examination in September, 1915, only $5 had been paid. And it further appeared that for eleven months before the trial nothing had been contributed to the support of defendant's wife and children by defendant, except $5 paid shortly after the preliminary examination and $1 sent by defendant to buy firecrackers for the children. The defendant spent his time largely in the saloons playing and jigging for drinks. His wife, the complainant here, took in washings to support herself and children. She left Racine after defendant told her to go to work for the support of the children and went to Waukesha, where the opportunity for supporting herself and children was better for reasons stated in her testimony.

We shall not further discuss the evidence. It is ample to support the conviction under the statute.

Sec. 4587c, Stats., provides in part: ". ... any person who shall, without lawful excuse, desert or wilfully neglect or refuse to provide for the support and maintenance of his or her legitimate or illegitimate minor child or children under the age of sixteen years in destitute or necessitous circumstances, shall be guilty of a crime, and, on conviction thereof, shall be punished by fine not exceeding five hundred dollars, or imprisonment in the state prison, . . ."

1. Error is assigned on the ground that no offense was committed in Waukesha county. The argument under this head is that if any offense was committed it was committed in Racine, not in Waukesha county, therefore the municipal court of Waukesha county had no jurisdiction.

We are satisfied that this contention cannot be sustained. The place where the children were, not where the father was, during the period complained of, fixes the venue of a prosecution for nonsupport of children. 29 Cyc. 1678; *State v. Peabody,* 25 R. I. 544, 56 Atl. 1028; *State v. Dvoracek,* 140 Iowa, 266, 118 N. W. 399; *Ware v. State,* 7 Ga. App. 797, 68 S. E. 443; *Cleveland v. State,* 7 Ga. App. 622, 67 S. E. 696; *Brown v. State,* 122 Ga. 568, 50 S. E. 378. The evidence clearly shows that defendant neglected and refused to support his children while they were living at Racine as well as while they were living at Waukesha. Complainant testified she left defendant after he told her to go to work for the support of her children, and that defendant was able to work, and that the children had nothing to live on except the earnings of their father and mother. It also appears that complainant and her children received aid from the city of Racine before leaving there and going to Waukesha.

2. It is contended under the second assignment of error that neither the complainant nor her children had at the time the prosecution was commenced a residence in Waukesha county, and that she left defendant without any adequate cause. The evidence, however, shows sufficient cause for the change of residence from Racine to Waukesha county, and moreover it shows that defendant did not support his wife and children at Racine before they moved to Waukesha county. It will also be observed that the charge here is for failure to support the children, and the removal of the minor children by the wife to another county, even without cause for such removal, would not justify the father in refusing to support them. *Beilfuss v. State,* 142 Wis. 665, 126 N. W. 33. This court has ruled in prosecutions under this statute that evidence of neglect by the father before and after the time charged may be considered. *Hopkins v. State,* 126 Wis. 104, 105 N. W. 223; *Firmeis v. State,* 61 Wis. 140, 20 N. W. 663.

3. Counsel for defendant complains of refusal to give an instruction asked to the effect that a wife who abandons her husband without legal justification forfeits her right to support for herself and infant children taken with her; and that in order to convict defendant the jury must find that the infant children had at the time complained of a legal residence in Waukesha county.

There was no prejudicial error in the refusal of this instruction. The court, however, did give the following instruction, which doubtless was too favorable to defendant:

"A wife who abandons her husband without legal justification thereby forfeits her right to support for herself and infant children taken with her, the husband being entitled to establish the domicile and residence; but in order to convict the defendant in this action, you must find that the children, Hazel Adams and Sheridan Adams, had at the time complained of a legal residence in Waukesha county, Wisconsin. But if a man fails to supply his wife with such necessities and comforts of life as are within his reach, and by cruelty compels her to leave him and seek shelter and protection elsewhere, such conduct constitutes an abandonment of her by him, as much as if he had deserted her and gone away himself."

4. Appellant also complains of the following instruction:

"When a husband and wife live separately by consent, and the wife becomes destitute or the children are in a destitute condition, to the husband's knowledge, and he thereafter, though of sufficient ability, refuses to provide for her and them, he has abandoned them in a destitute condition, within the statute punishing a husband for wilfully abandoning and neglecting to support his wife and children.

"Cruel treatment does not always consist of actual violence. There are words of false accusations or gross insult that inflict deeper anguish than physical injuries to the person, more enduring and lacerating to the wounded spirit of a gentle woman than actual violence to the person, though severe. Opprobrious insinuations used by a husband toward his wife are abusive treatment."

Under the proof made this instruction was not relevant and ought not to have been given.    But we think it was not prejudicial and that the jury was not misled by it.    *Pelton v. Spider Lake S. & L. Co.* 132 Wis. 219, 112 N. W. 29.

We are of opinion that no error was committed upon the trial which affected any substantial right of defendant, therefore under the provisions of sec. 3072m, Stats., the judgment below must be affirmed.

*By the Court.*—The judgment is affirmed.