## O. E. BANDY v. STATE.

No. A-2661. Opinion Filed June 2, 1917.

(165 Pac. 616.)

1. **INDICTMENT AND INFORMATION—Variance—Preliminary Complaint—Time of Offense.** A prosecution in a felony charge is begun with the filing of the preliminary complaint before the committing magistrate. The proof introduced by the state must therefore establish the commission of the offense prior to the filing of this preliminary complaint. Proof tending to show the commission of the offense subsequent to the filing of the same would not be admissible. It therefore follows, that a criminal action begun on the 25th day of June by filing the charges before the committing magistrate cannot be sustained by proof that the offense was committed on the 25th day of July thereafter.

2. **PRELIMINARY EXAMINATION — Information—Jurisdiction.** Under the law, the accused is entitled to an examining trial before a committing magistrate; and an information thereafter filed in the district court must be based upon this examining trial; otherwise the district court acquires no jurisdiction.

*Appeal from District Court, Marshall County; Jesse M. Hatchett, Judge.*

O. E. Bandy was convicted of a felony, and appeals. Reversed.

*Kennamer & Coakley,* for plaintiff in error.

*R. McMillan,* Asst. Atty. Gen., for the State.

ARMSTRONG, J.  O. E. Bandy was convicted in the district court of Marshall county on a charge of selling intoxicating liquor, and his punishment fixed at imprisonment in the state penitentiary for three years and a fine of $1,000.

Numerous assignments of error are brought. We find it necessary, however, to consider only one.

The preliminary complaint upon which the examining trial was held was filed June 25, 1915, and the warrant was issued on that day. The crime was alleged to have been committed on the 25th day of June, 1915. An examining trial was held and the accused held by the magistrate for trial before the district court. The testimony introduced on behalf of the state fixes the date of the sale of the whisky as in July, long after the complaint was filed with the magistrate. The witness who is alleged to have purchased the whisky says it was the 25th day of July, 1915.

The information charges the sale as having been made on the 25th day of June. This cause was begun June 26th. This is fatal to the conviction. Proof of the commission of the offense at any time within the statute of limitations prior to the filing of the preliminary complaint is ordinarily sufficient to warrant a conviction, but proof that the offense was committed after the filing of the preliminary complaint would not warrant a conviction. Testimony showing the latter would not be admissible. The Constitution and statute provides for a preliminary examining trial where prosecution is to be had by information in the district court. The accused is entitled to an examination and trial on the charge laid prior to the beginning of the proceedings, and not subsequent to the beginning thereof. If this plaintiff in error is to be prosecuted for selling whisky in July, the preliminary should not have been held in June. This proposition is too patent to require discussion.

The judgment is reversed, and the cause remanded, with directions to grant a new trial.

DOYLE, P. J., and MATSON, J., concur.