## H. B. JEFFRIES v. STATE.

No. A-5729.  Opinion Filed July 2, 1927.
(257 Pac. 333.)

J. Hugh Nolen, J. V. Crawford, and O. A. Shaw, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Okfuskee county on a charge of child abandonment, and was sentenced to serve a term of 7 years in the state penitentiary.

The record discloses that defendant was an oil driller, able-bodied and capable of earning good wages; he had three children ranging in ages from 4 to 12 years. Their mother was deceased, and defendant had married a second time. At the time of the second marriage, the children were with their grandmother in the state of Arkansas. About six months after the second marriage, the grandmother, being unable to longer care for them, returned them to defendant, at Paden, Okla. They stayed with him from the latter part of December, 1923, until the early part of June, 1924, when he sent them to an aunt in the state of Arkansas, telling them they were going on a visit and would be gone about two weeks. They were kept by this aunt until the first part of October, following, when they were sent back to Paden at the expense of the aunt. When they got to Paden, defendant had separated from his second wife and was working as an oil driller at Cromwell. On their return the children went to the home of Lester Jeffries, a relative of defendant, and on October 6, this prosecution was instituted, under section 1856, C. O. S. 1921, as amended by Laws of 1923, c. 78, § 2. The trial was had five months later. After the prosecution was commenced defendant contracted with two neighbors to take care of the children, but had failed to make any payment and had contributed but a trifling item to clothe them.

Three assignments of error are argued. The insufficiency of the evidence; the admission of incompetent evidence; error in the instructions. These assign-

ments really go to a single proposition and are included in a single contention; that is, that the evidence, if it shows an abandonment at all, shows it to have been subsequent to the commencement of this prosecution, and that a conviction cannot be sustained on proof of an offense occurring subsequent to the filing of the preliminary complaint. If the facts proved disclose that the conviction is for an offense occurring after the prosecution commenced, the judgment cannot be upheld.

It is well settled that a prosecution in a felony case is begun with the filing of the preliminary complaint, and proof of the commission of the offense subsequent to the filing of such complaint is not admissible and will not sustain a conviction. The state is not limited in its evidence to proof of the commission of an offense to the particular date charged in an information, but may prove the commission of the offense at a date different to that charged within the period of limitations; but the offense must be proved at a time prior to the time the prosecution was commenced. Mitchell v. State, 2 Okla. Cr. 442, 101 P. 1100; Johnson v. State, 5 Okla. Cr. 128, 113 P. 997; Bandy v. State, 13 Okla. Cr. 468, 165 P. 616.

While the conviction must be for an offense committed prior to the filing of the preliminary complaint, yet evidence of acts occurring after the filing of the preliminary complaint is admissible in some cases as tending to throw light upon and explain the offense charged, or to show motive or intent.

In the case of Firmeis v. State, 61 Wis. 140, 20 N. W. 663, it was held:

"Evidence of the conduct of the accused toward his family after the time of the alleged abandonment is admissible to show his intent at that time."

In the body of the opinion the court said:

"The complaint was made against the accused some time in July, 1883. An information was filed August 13, 1883, charging the abandonment on the 11th of July, 1883. The defendant was arrested some time in July, but was permitted to go upon his own recognizance, and the proceedings upon the information were continued. On the 5th of January, 1884, the defendant was arrested and brought into court, and again allowed to go upon his own recognizance, and a trial was had on January 22, 1884. Objection was made by the defendant on the trial to the admission of evidence as to what the conduct of the defendant towards his family was after the time he was charged with abandoning his children. We think the evidence was properly received as bearing upon the question of the intent of the defendant at the time he left his children to abandon them. * * *"

The same rule is announced in Adams v. State, 164 Wis. 223, 159 N. W. 726. See, also, Hopkins v. State, 126 Wis. 104, 105 N. W. 223; People v. Turner, 29 Cal. App. 193, 156 P. 381.

Upon consideration of the entire record, we find no error that requires a reversal. We are of the opinion, however, that the punishment assessed is too severe and that justice requires the sentence of 7 years in the penitentiary should be reduced to 3 years, and, as modified, the case is affirmed.

DOYLE, P. J., concurs.

DAVENPORT, J., absent, not participating.