Poole, Plaintiff in error, v. State, Defendant in error.

*No. State 26. Submitted under sec. (Rule) 251.54 June 7, 1973.—
Decided June 29, 1973.*
(Also reported in 208 N. W. 2d 328.)

For the plaintiff in error the cause was submitted on the brief of *Stuart G. Urban* and *McIntyre, Kinney & Urban* of Lancaster.

For the defendant in error the cause was submitted on the brief of *Robert W. Warren,* attorney general, and *George B. Schwahn* and *James H. McDermott,* assistants attorneys general.

WILKIE, J. The sole issue on this appeal is whether the trial court properly had jurisdiction over the instant prosecution of the defendant.

Sec. 52.05, Stats., is Wisconsin's version of the Uniform Desertion and Nonsupport Act which, as of 1967, was adopted in 24 states and the Virgin Islands.[1] Initially enacted by ch. 576 of the Laws of 1911, and effective July 7, 1911, the Wisconsin statute is virtually identical to the Uniform Act with the exception of a refusal to include three minor sections.[2] Essentially, the statute provides that any person, man or woman, may be fined not more than $500 or imprisoned for not more than

[1] 10 Uniform Laws Annotated, *Desertion and Nonsupport* (1922), 1967 Cumulative Annual Pocket Part at page 9. *See also:* Note, *Nonsupport Laws in Wisconsin,* 1952 Wis. L. Rev. 544, 546.

[2] Wisconsin Session Laws, 1911, ch. 576, at pages 731–733. The three sections not adopted in Wisconsin relate to the warden's payment to the wife of a weekly sum equal to her husband's labor in prison when convicted under the Act, and provisions relating to uniformity with other states and a repealing clause. *See* 10 Uniform Laws Annotated, supra, footnote 1, at pages 77–83. Additionally, Wisconsin has added a presumption of intent. Sec. 52.05 (6), Stats. 1963.

two years for the willful abandonment of or refusal to support a wife or children who are under the age of eighteen.[3] The statute further provides that a complaint thereunder may be filed by any person, including a wife, child, officer in charge of public welfare agencies, secretary of the department, casework supervisors, or others.[4]

One of the deficiencies of the Uniform Act and like statutes is the failure to include any specific provisions concerning the residence of the parties, especially the nonresidence of the father or children in the place of prosecution, and the relevance of such factor to the jurisdiction of a prosecution thereunder.[5] In the instant case, defendant contends the trial court was without jurisdiction to convict him because his residence and the residence of his family at the time of the alleged act of abandonment and nonsupport was Arizona and not Wisconsin. His family's subsequent removal to Grant county, Wisconsin, defendant argues, did not confer jurisdiction upon the courts of that county for an act not committed within its borders.

Defendant's contention is without merit. Since sec. 52.05, Stats., does not itself define the limits of its ju-

---

[3] Sec. 52.05 (1), Stats., provides: "Abandonment; uniform act. (1) PENALTY. Any person who, without just cause, deserts or wilfully neglects or refuses to provide for the support and maintenance of his wife or child under 18 years (legitimate or born out of wedlock) in destitute or necessitous circumstances shall be fined not more than $500, or imprisoned not more than 2 years, or both. The parent of any child born out of wedlock who has made provision for the support of such child by giving bond, or by settlement with the proper officers in accordance with ss. 52.21 to 52.45, on which such parent is not in default, shall not be subject to this section."

[4] Sec. 52.05 (2), Stats.

[5] See Annot. (1955), *Jurisdiction and venue of criminal charge for child desertion or nonsupport as affected by nonresidence of parent or child*, 44 A. L. R. 2d 886, 888. *See also:* 23 Am. Jur. 2d *Desertion and Nonsupport*, p. 981, sec. 94.

risdiction, the more general statute governs. The general criminal jurisdiction statute is sec. 939.03, and provides that a person is subject to prosecution and punishment under the laws of this state if: "(c) While out of this state, he does an act with intent that it cause in this state a consequence set forth in a section defining a crime . . . ." [6] Since the statute defendant was charged and convicted of violating proscribes the willful refusal to support one's wife and children and authorizes such persons, among others, to institute a complaint therefor, it is clear that defendant may be proceeded against in this state. The cases cited by defendant for the proposition that it is improper to prosecute a person for an act not committed within the state are not in point. They uniformly recite that their criminal courts have no jurisdiction to prescribe a rule of conduct for one not within the state's borders. [7] While such may be the law of those states, it is not the law in Wisconsin where, as outlined in sec. 939.03, Stats., a person may be prosecuted for doing an act outside this state which has a criminally proscribed consequence within the state.

This court has already ruled adversely to defendant's contention. In *Adams v. State*, a case remarkably simi-

---

[6] Sec. 939.03 (1) (c), Stats.

[7] *See State v. Clark* (1918), 144 La. 328, 80 So. 578; *State v. Ewers* (1907), 76 Ohio St. 563, 81 N. E. 1196; *In re Kuhns* (1913), 36 Nev. 487, 137 Pac. 83. In *Clark* it was stated: ". . . The wife and child are entitled to the benefit of the law penalizing the desertion and neglect by the husband and father, without being subjected to the condition that they shall remain in a particular place, where, perhaps, they may be unable to find the means of living, and the husband and father, continuing his desertion and neglect, also continues to be liable to the penalty wherever the statute can reach him. But the statute cannot reach him beyond the confines of the state, and we are not prepared to say that it extends its protection to a wife and child, inhabitants of another state for whose citizens the General Assembly of Louisiana has no authority to legislate." *Supra*, at pages 334, 335.

lar to the instant case and interpreting the same statute shortly after its adoption, this court held a defendant's residence in Racine county did not invalidate a prosecution's venue in Waukesha county. According to the court,

"We are satisfied that this contention cannot be sustained. The place where the children were, not where the father was, during the period complained of, fixes the venue of a prosecution for nonsupport of children. . . ."[8]

While the *Adams* case is distinguishable in that it involved the question of intrastate venue rather than interstate jurisdiction, it is clear from *Adams* that this court has regarded sec. 52.05, Stats., as enforceable in the locale of those persons required to be supported rather than where the father is located. The preponderance of cases in other states hold that the crime of nonsupport is a continuing offense that follows the children.[9]

*By the Court.*—Judgment affirmed.

[8] (1916), 164 Wis. 223, 226, 159 N. W. 726.

[9] *See e.g., State v. Tickle* (1953), 238 N. C. 206, 77 S. E. 2d 632, certiorari denied (1954), 346 U. S. 938, 74 Sup. Ct. 378, 98 L. Ed. 426; *Osborn v. Harris* (1949), 115 Utah 204, 203 Pac. 2d 917; *State v. Wellman* (1918), 102 Kan. 503, 170 Pac. 1052; *State ex rel. Brito v. Warrick* (1964), 176 Neb. 211, 125 N. W. 2d 545, 548; *State v. Carr* (1966), 107 N. H. 477, 225 Atl. 2d 178; *State v. Klein* (1971), 4 Wash. App. 736, 484 Pac. 2d 455. *But see Jemmerson v. State* (1888), 80 Ga. 111, 5 S. E. 131; *Glad v. State* (1952), 85 Ga. App. 312, 69 S. E. 2d 699.