**STATE of Missouri,
Plaintiff–Respondent,**

v.

**Edward L. MOSS, Defendant–Appellant.**

**No. 16461.**

Missouri Court of Appeals,
Southern District,
Division One.

June 28, 1990.

Larry Maples, Joplin, for defendant-appellant.

No appearance for plaintiff-respondent.

PARRISH, Judge.

Appellant Edward L. Moss was charged with and, following a jury trial, convicted of the misdemeanor offense of criminal nonsupport. § 568.040.[1] Appellant was sentenced to confinement in the county jail for a term of one year and to payment of a fine of $500.

Appellant was previously married to Nedra Ashley. One child, Carla Moss, was born of that marriage. Carla was born in February, 1976. Appellant's and Nedra's marriage was dissolved in July, 1977. Nedra received custody of the child at the time of the dissolution of marriage.

Nedra testified that she had received no child support payments from appellant during the period of March 1, 1988, to March 1, 1989, the time during which appellant was charged with criminal nonsupport. She testified that appellant had not otherwise provided food or clothes for Carla during that period.

Appellant's first point on appeal alleges that the trial court erred in not sustaining his motion for judgment of acquittal for the reason that the evidence at trial was insufficient to prove the offense charged. In support of that point, appellant directs this court's attention to *State v. Kleen*, 491 S.W.2d 244 (Mo.1973), for the proposition that in order for there to be an offense over which the State of Missouri has jurisdiction, some part of the offense must have been committed within the boundaries of Missouri. He further points to *State v. Winterbauer*, 318 Mo. 693, 300 S.W. 1071, 1073 (1927), and *State v. Hobbs*, 220 Mo.App. 632, 291 S.W. 184 (1927), which held, in those criminal nonsupport cases, that venue was proper in the respective Missouri counties in which the child who was alleged to be entitled to the support in question resided.[2] In *Hobbs*, the court stated at page 185 of 291 S.W.:

> It is axiomatic that the venue must be laid in the county where the occurrence actually took place, and the act must be proved to have occurred in that jurisdiction. ... In the instant case, we think, the venue may be properly laid in Cape Girardeau county where the children were residing, and where, it is alleged, they were being neglected by the father in the necessities of life. *It was there that they were receiving no such contribution as the law requires the parent to furnish them.* (Emphasis added).

Appellant further asserts that the record on appeal[3] is silent as to where the child,

---

1. All references to statutes are to RSMo 1986 unless otherwise indicated.

2. This is consistent with the recently enacted § 541.191.1(4), RSMo Supp.1987. That statute provides that an omission to perform a duty imposed by Missouri law which gives rise to an offense gives Missouri jurisdiction over the offense regardless of the location of the defendant at the time of the offense. Thus, a defendant located outside the State of Missouri who fails to support a child residing within Missouri could, arguably, be prosecuted within Missouri for a violation of § 568.040. The location of the child who is without support is the determining factor regarding where an offense under § 568.040 is committed.

3. It is appropriate to comment on the record on appeal in this case. The prosecuting attorney of McDonald County, the county where this case originated, for whatever reason, filed no brief. Thus, the state had no advocate before this court on appeal. The transcript, as seems to happen with some frequency in cases where the record before the trial court is preserved by means of a magnetic tape recording device rather than by a court reporter, had numerous notes stating "not audible" where responses to questions should have been. Copies of marginally acceptable docket entries included in the legal file were utilized, for purposes of this appeal, as the judgment of the trial court. Rule 29.07(c). The transcript did not include the proceedings

Carla, lived during the time period when appellant is alleged to have willfully failed to support her, and that the record is silent as to whether Carla remained in the custody of Nedra during that time. Appellant points out that Nedra was a resident of Bentonville, Arkansas, at the time of trial and suggests that if it was found that Carla continued in Nedra's custody during the time in question and that Nedra then lived in Arkansas, there is no showing that an offense was committed within the State of Missouri.

Appellant's argument is well founded. Although testimony was adduced at trial that there was a support order from the Circuit Court of McDonald County directing that appellant make periodic child support payments for Carla through the registry of that court, and that no payments had been made, the criminal offense of which appellant stands charged is knowingly failing to provide, without good cause, adequate food, clothing and lodging for his daughter, Carla; not with failing to pay child support as ordered in a dissolution of marriage decree. As noted in *State v. Nichols*, 725 S.W.2d 927, 928 (Mo.App. 1987), the object of § 568.040 is to compel recalcitrant parents to fulfill obligations of care and support; that the statute creates a crime against the state in incidents where parents fail to meet that legal obligation. Prosecution under § 568.040 is not a proceeding to enforce support obligations arising from dissolution actions. *Id.*

The state in its prosecution of appellant failed to show where Carla was during the period of time it alleges that she was not supported by appellant. The state failed to establish jurisdiction in the Circuit Court of McDonald County, the county where this case was filed before being transferred to Newton County on change of venue, or that an offense was committed within the State of Missouri. As noted previously, Missouri courts have no jurisdiction to prosecute an offense which occurs in another state. *State v. Kleen, supra*, at 245. This is unaffected by the fact that appellant was physically before the trial court and the fact that evidence was adduced at that proceeding. A trial court's lack of jurisdiction, under these circumstances, may not be waived by a defendant. *Montgomery v. State*, 454 S.W.2d 571, 574–75 (Mo.1970).

Having determined that the record on appeal fails to show that a crime was committed in Missouri and that the record, therefore, shows the trial court to be without jurisdiction, this case will be reversed. Since this disposes of the appeal, it is unnecessary to address the other points raised by appellant on appeal. The judgment and sentence of the trial court are reversed and appellant ordered discharged.

CROW, P.J., and PREWITT, J., concur.

---

before the trial court at the time of sentencing. The legal file did not contain a copy of the verdict. Rule 30.04(a). Rather, this court relied, as a poor substitute, upon that part of the transcript where the trial judge read, at the end of the trial, from what was represented to be the verdict. Charitably stated, appellant's record on appeal was marginally satisfactory. Clerks maintaining records in cases tried in accordance with rules of procedures applicable before circuit judges, be they associate circuit judge division clerks or circuit clerks or deputy circuit clerks, would be well advised to review Rule 29.07(c) (as well as Rule 29.10). Counsel undertaking appeals of criminal cases are equally well advised to review Rule 30.04 carefully.