STATE of Wisconsin, Plaintiff-Respondent,

v.

Reuben GANTT, Defendant-Appellant.†

Court of Appeals

*No. 95–2469–CR. Submitted on briefs March 11, 1996.—Decided March 28, 1996.*

(Also reported in 548 N.W.2d 134.)

†Petition to review denied.

For the defendant-appellant the cause was submitted on the briefs of *Patrick J. Stangl* of *Stangl Law Office* of *Madison*.

For the plaintiff-respondent the cause was submitted on the brief of *James E. Doyle*, attorney general, with *Thomas J. Balistreri*, assistant attorney general.

Before Eich, C.J., Gartzke, P.J., and Sundby, J.

EICH, C.J.  Reuben Gantt appeals from a judgment convicting him of failing to provide support for his minor child. He pleaded no contest to the charge, reserving for appeal his contention that the trial court lacked jurisdiction to entertain the prosecution because neither he nor the child resided in Wisconsin at the time the complaint was issued.

That is the issue he frames on appeal and we conclude, on this record, that the trial court had jurisdiction. We therefore affirm the judgment.

The facts are not disputed. Gantt and his former wife had three children, including the minor child Ratashia Gantt, born in June 1972, whose support is the subject of this appeal. When Gantt and his wife were divorced in 1973, the divorce judgment directed him to pay child support of $50.00 per week. In September 1992, a criminal complaint issued alleging that he had intentionally failed to provide support for Ratashia

for a period of 120 days or more from January 1, 1990, to June 1, 1990.[1]

Gantt did not appear in court on the charge until mid-1994, when a preliminary hearing was held and an information issued charging him with the offense. He moved to dismiss the information on grounds that neither he, his former wife nor the child resided in Dane County during the charged period.[2] The trial court denied the motion and Gantt pled no contest to the charge. Adjudging him guilty, the court withheld sentence and placed Gantt on probation for 36 months on various conditions, including regular payments on his accumulated support arrearage of $36,877.00.[3]

---

[1] The applicable statute, § 948.22(2), STATS., provides in pertinent part as follows:

> Any person who intentionally fails for 120 or more consecutive days to provide . . . child support which the person knows or reasonably should know the person is legally obligated to provide is guilty of a Class E felony.

A Class E felony is punishable by a fine not exceeding $10,000 or imprisonment not to exceed two years, or both. Section 939.50 (2)(e), STATS.

[2] The prosecution stipulated that Ratashia and her mother resided in Texas between January 1 and June 1, 1990, and that Gantt lived in California during that same period.

[3] Since the divorce in 1973, Gantt had made only sporadic payments under the support order.

If Gantt paid the arrearage during the probationary period, the State agreed not to oppose his motion to reopen the case and dismiss the charges. If Gantt failed to pay during the period (and a 12-month extension), but the circuit court determined that Gantt had made a good faith effort to eliminate the arrearage, it was agreed that a civil judgment would be entered for the amount owing and the criminal charge reopened and converted to a misdemeanor violation of the nonsupport law.

Relying principally on two cases, *Adams v. State*, 164 Wis. 223, 159 N.W. 726 (1916), and *Poole v. State*, 60 Wis. 2d 152, 208 N.W.2d 328 (1973), Gantt argues that, under Wisconsin law, the venue in nonsupport actions always follows the child, and, as a result, Wisconsin courts lack jurisdiction in all such cases where the child did not reside in the state during the charging period.

In *Adams*, the defendant was charged and convicted of nonsupport in municipal court in Waukesha County. He challenged the conviction on the grounds, among others, that "no offense was committed in Waukesha county" because his children were living in Racine County during the time charged. The supreme court rejected the argument, stating that "[t]he evidence clearly shows that defendant neglected and refused to support his children while they were living at Racine as well as while they were living at Waukesha." *Adams*, 164 Wis. at 226, 159 N.W. at 727. In so concluding, the court noted, "The place where the children were, not where the father was, during the period complained of, fixes the venue of a prosecution for nonsupport of children." *Id.*

*Poole* involved Wisconsin's version of the Uniform Desertion and Nonsupport Act, § 52.05, STATS., 1911. Poole had abandoned his family in Arizona, after which they moved to Grant County, Wisconsin, where the charges were brought. He argued that Wisconsin courts lacked jurisdiction because the "alleged act of abandonment and nonsupport [occurred in] Arizona and not Wisconsin." *Poole*, 60 Wis. 2d at 155, 208 N.W.2d at 330. The supreme court rejected the argument, reasoning that the general criminal jurisdiction statute, § 939.03, STATS., which grants jurisdiction to Wisconsin courts for prosecution of acts undertaken in

other states which have "a criminally proscribed consequence within th[is] state," was sufficient to confer jurisdiction on the Grant County Circuit Court. *Id.* at 156, 208 N.W.2d at 330-31.[4] The court went on to note that it had already ruled "adversely to [Poole]'s contention" in *Adams*, and that "it is clear from *Adams* that this court has regarded § 52.05 . . . as enforceable in the locale of those persons required to be supported rather than where the father is located." *Id.* at 156-57, 208 N.W.2d at 331.

We have no quarrel with either decision. Neither holds, as Gantt maintains in his argument, that nonsupport statutes may be enforced *only* in the place where the persons entitled to support resided during the period the defendant is alleged to have failed to support them. As the State points out, quoting *Berg v. State*, 63 Wis. 2d 228, 238, 216 N.W.2d 521, 526 (1974): "It is a common error in analyzing opinions to assume that the converse of a statement is necessarily true or intended or because X is included in Z that Y is necessarily excluded." We do not read either *Adams* or *Poole* as laying down a hard-and-fast rule that in no case may a nonsupport prosecution be commenced in Wisconsin if the child was not residing in the state during the charged period.

Beyond that, we think the cases are distinguishable, for in neither instance was the defendant under, and in violation of, a "local" court order prior to the filing of the criminal charge, as Gantt was in this case. In both *Adams* and *Poole* the prosecutions were based

---

[4] Gantt argues that § 939.03, STATS., must be strictly construed in favor of the accused. We disagree. The strict-construction rule is limited to *penal* statutes, *State v. Rabe*, 96 Wis. 2d 48, 69-70, 291 N.W.2d 809, 819 (1980). Section 939.03 is a procedural, not a penal, statute.

not on the violation of a court order but rather on the general statutory obligation to provide support for minor children.[5] As a result, the obligations underlying those prosecutions derived not from an accomplished judicial act, as in this case, but on allegations that the general laws governing parental responsibility had been violated. And those obligations ran directly to the children—at the place where they and their custodial parents resided—without any court or government involvement.

*Adams* and *Poole* are thus consistent with the general criminal-law rule that a crime involving a failure to act is committed at the place where the act is required to be performed, and we agree with the State that those cases differ from this one not on the principles of law to be applied but on the particular facts to which the law must be applied.

We have no doubt that an action for nonsupport could be maintained against Gantt in Texas, where Ratashia was living. But in our opinion, that does not rule out concurrent jurisdiction in Wisconsin based on Gantt's wilful failure to comply with a valid Wisconsin judgment requiring him to pay child support to the clerk of the Dane County Circuit Court.[6]

---

[5] Citing to specific pages in the *Adams* and *Poole* opinions, Gantt states in his brief that "in both [cases] the defendants violated court orders to pay child support." That is not so. The only reference to "court orders" in those cases is to the orders entered *after* conviction. *Adams v. State*, 164 Wis. 223, 225, 159 N.W. 726, 727 (1916); *Poole v. State*, 60 Wis. 2d 152, 153, 208 N.W.2d 328, 329 (1973). Gantt's statement is misleading; there is no suggestion in either opinion that the defendants were subject to previous judgments or orders of support.

[6] We also distinguish an out-of-state case relied on by Gantt, *State v. Moss*, 791 S.W.2d 501 (Mo. App. 1990), which,

Circuit courts in Wisconsin are courts of general jurisdiction, with "original subject matter jurisdiction over civil and criminal matters not excepted in the constitution or prohibited by law." *State v. Olexa*, 136 Wis. 2d 475, 479, 402 N.W.2d 733, 735 (Ct. App. 1987). Gantt has not persuaded us that, under *Adams, Poole*, or any other case, jurisdiction may not attach to the nonsupport prosecution of a father who is in violation of a valid Wisconsin child-support judgment simply because the child was not residing in the state during the charged period.

*By the Court.*—Judgment affirmed.

according to Gantt, "strictly interpreted previous court holdings that the location of the child was the determining factor regarding where [a nonsupport] offense was committed." As the State points out, while the *Moss* court did hold that a Missouri support decree was irrelevant in attempting to establish jurisdiction in that state for failing to support a child residing in Arkansas, the reason was that the defendant was charged with failing to provide food, clothing and lodging to the child, not with failing to pay the ordered support. *Id.* at 503.