**2021 WI App 13**

# COURT OF APPEALS
# COURT OF APPEALS OF WISCONSIN
# PUBLISHED OPINION

Case No.:        2019AP1209-CR

† Petition for Review Filed

Complete Title of Case:

### STATE OF WISCONSIN,

####    PLAINTIFF-RESPONDENT,

####       V.

### TODD N. TRIEBOLD,

####    †DEFENDANT-APPELLANT.

| | |
|---|---|
| Opinion Filed: | January 20, 2021 |
| Submitted on Briefs: | May 12, 2020 |
| Oral Argument: | |

| | |
|---|---|
| JUDGES: | Stark, P.J., Hruz and Seidl, JJ. |
| Concurred: | |
| Dissented: | |

| | |
|---|---|
| Appellant ATTORNEYS: | On behalf of the defendant-appellant, the cause was submitted on the briefs of *Frederick A. Bechtold*, Taylors Falls, Minnesota. |
| Respondent ATTORNEYS: | On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Joshua L. Kaul*, attorney general, and *Daniel J. O'Brien*, assistant attorney general. |

# COURT OF APPEALS
# DECISION
# DATED AND FILED

## January 20, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.     2019AP1209-CR**

**STATE OF WISCONSIN**

Cir. Ct. No. 2014CF158

**IN COURT OF APPEALS**

---

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

V.

TODD N. TRIEBOLD,

   DEFENDANT-APPELLANT.

---

APPEAL from a judgment of the circuit court for Pierce County: JOSEPH D. BOLES, Judge. *Affirmed.*

Before Stark, P.J., Hruz and Seidl, JJ.

¶1    HRUZ, J. Todd Triebold is subject to lifetime sex offender registration in Wisconsin based upon a crime he committed in this state. Thereafter, Triebold relocated to Minnesota, and he later failed to provide both Wisconsin and Minnesota authorities with updated address information when he changed his

residence within that state. He was prosecuted in Minnesota for his failure to update his registration there; afterward, Wisconsin authorities filed the charge in the present action for failing to comply with Wisconsin's sex offender registration law.

¶2 Triebold argues that because the acts constituting the registration offense charged under Wisconsin law occurred entirely within Minnesota, the circuit court lacked territorial jurisdiction to convict him for his registration violation. He further argues that, regardless of whether Wisconsin law provides for territorial jurisdiction in this instance, he could not be prosecuted in Wisconsin because the federal laws governing sex offender registration preempt state law and require registration only in the individual's state of residence. Last, he asserts that the State of Wisconsin is statutorily barred from prosecuting him in this instance because he has already been prosecuted for the same crime in Minnesota.

¶3 We reject Triebold's arguments. We conclude the circuit court possessed territorial jurisdiction under WIS. STAT. § 939.03(1)(c) (2017-18)[1] because Triebold's failure to update his registration had a criminal consequence in this state pursuant to WIS. STAT. § 301.45(6). We also conclude the federal sex offender registration laws do not preempt Wisconsin's enforcement of its requirement that offenders subject to registration in this state update their registration information even if they move while residing out of state. Finally, we conclude that Triebold's conviction in Wisconsin is not statutorily barred by the double jeopardy principles contained in WIS. STAT. § 939.71. Accordingly, we affirm.

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

2

**BACKGROUND**

¶4 Approximately twenty-five years ago, Triebold was convicted of second-degree sexual assault of a child in Pierce County case No. 1993CF27. As a result of his conviction, Triebold was subject to lifetime registration on the then newly created sex offender registry. *See* 1993 Wis. Act 98, § 116; WIS. STAT. § 175.45 (1993-94).[2] The sex offender registration requirements are now codified in WIS. STAT. § 301.45. In short, the statute—both then and now—requires a person subject to registration to provide personal information, including address information, upon release from state confinement and to update that information whenever it changes. *Compare* § 175.45(2), (3) and (4) (1993-94) *with* § 301.45(2), (3) and (4).

¶5 Triebold was released from prison in 1999. Around the time of his release, a social worker reviewed the registration form with Triebold. Triebold refused to sign the form, but he was notified (both at that time and through annual registration notices) that he was required to provide notice of any change in his address to Wisconsin authorities within ten days.

¶6 At some point prior to 2013, Triebold moved to Minnesota. On August 20, 2013, Triebold returned to Wisconsin officials the annual registration letter confirming he was residing at 750 Point Douglas Road in St. Paul.[3] On

---

[2] The initial term of registration under WIS. STAT. § 175.45(5)(b) (1993-94), was fifteen years from the date the person was discharged from parole or supervision. The statute has since been amended to require offenders like Triebold to comply with the registration requirements until death. *See* WIS. STAT. § 301.45(5)(b)1m. Triebold concedes he is subject to the lifetime registration requirement under this section.

[3] This was apparently Triebold's mother's address.

3

May 20, 2014, St. Paul police officers discovered Triebold at a different St. Paul address, 259 English Street, while they were executing a search warrant involving internet crimes against children. Triebold appeared to have a bedroom there, and he was carrying an identification card issued in March 2014 that listed that address as his residence.[4] Triebold told authorities he had been living at the 259 English Street address since December 24, 2013. Triebold had not notified the Wisconsin Department of Corrections of a change of address since he sent the August 2013 confirmation letter.

¶7    On June 17, 2014, Triebold was charged in Ramsey County, Minnesota, with a violation of that state's registry requirement under MINN. STAT. § 243.166, subd. 5(a) (2020).[5] The statute required Triebold to register his address with Minnesota as a result of his Wisconsin conviction, and he had last provided state authorities there with the 750 Point Douglas Road address. The dates of noncompliance alleged in the complaint were from December 24, 2013, to May 20, 2014.[6] Triebold pleaded guilty to that offense and was sentenced accordingly.

¶8    The Wisconsin Department of Corrections learned of the Minnesota investigation on June 18, 2014. Based on that information, Triebold was charged in Wisconsin for knowingly failing to update his address with Wisconsin authorities. Triebold filed two pretrial motions to dismiss the Wisconsin prosecution—one asserting lack of territorial jurisdiction, and one asserting the prosecution was

---

[4] Authorities determined that Triebold had been subletting rooms at 259 English Street to two women, one of whom had a fourteen-year-old daughter living with her. That woman was unaware that Triebold was a registered sex offender.

[5] All references to the Minnesota Statutes are to the 2020 version unless otherwise noted.

[6] An officer at the scene on May 20, 2014, assisted Triebold in completing a change of information form.

4

statutorily barred by double jeopardy under WIS. STAT. § 939.71. The circuit court rejected both arguments and, following a bench trial, found Triebold guilty under WIS. STAT. § 301.45(6)(a)1. of failing to comply with Wisconsin's registration requirements. Triebold now appeals.

## DISCUSSION

¶9    Triebold renews on appeal the arguments he made in his motions to dismiss—namely, that the circuit court lacked territorial jurisdiction and that his conviction is barred by the double jeopardy principles elucidated in WIS. STAT. § 939.71. For the reasons explained below, neither argument has merit. The State sufficiently proved territorial jurisdiction, and Triebold has failed to demonstrate that his conviction is precluded by § 939.71.

*I. Territorial Jurisdiction*

¶10    Territorial jurisdiction is a necessary prerequisite to a valid judgment of conviction. ***State v. Randle***, 2002 WI App 116, ¶8, 252 Wis. 2d 743, 647 N.W.2d 324. A court may act only upon crimes committed within the state's territorial jurisdiction. ***State v. Anderson***, 2005 WI 54, ¶32, 280 Wis. 2d 104, 695 N.W.2d 731. Territorial jurisdiction is a function of the United States Constitution's Sixth Amendment requirement that a person be tried by an "impartial jury of the State and district wherein the crime shall have been committed." ***State v. Brown***, 2003 WI App 34, ¶24, 260 Wis. 2d 125, 659 N.W.2d 110 (quoting U.S. CONST. amend. VI). In essence, territorial jurisdiction describes the reach of a state's laws, which may extend beyond its geographic boundaries. *See* 4 WAYNE R. LAFAVE ET AL., CRIM. PROC. § 16.1(a) (4th ed. 2017).

¶11    The legislature has defined the territorial reach of Wisconsin's criminal laws by enacting WIS. STAT. § 939.03. As relevant here, § 939.03 provides:

> (1) A person is subject to prosecution and punishment under the law of this state if any of the following applies:
>
> (a) The person commits a crime, any of the constituent elements of which takes place in this state.
>
>  ….
>
> (c) While out of this state, the person does an act with intent that it cause in this state a consequence set forth in a section defining a crime.

Triebold contends territorial jurisdiction did not exist under either subsec. (1)(a) or (1)(c). He also argues that, regardless of whether territorial jurisdiction would otherwise be appropriate under § 939.03, he cannot be convicted in Wisconsin for failure to update his registration because Wisconsin's registration requirements have been preempted by a federal statute, at least under the circumstances of this case.

¶12    Whether territorial jurisdiction exists under an undisputed set of facts presents a question of law. *See Brown*, 260 Wis. 2d 125, ¶25. To the extent resolving this question requires us to engage in statutory interpretation and application of WIS. STAT. § 939.03, we independently decide such matters. *State v. Petty*, 201 Wis. 2d 337, 354-55, 548 N.W.2d 817 (1996).

¶13    We reject Triebold's arguments regarding whether territorial jurisdiction was appropriate under WIS. STAT. § 939.03. Section 939.03(1)(c) clearly provides a basis upon which the State could prosecute Triebold for his failure to provide Wisconsin authorities with his updated address information. *See Mueller*

6

*v. Raemisch*, 740 F.3d 1128, 1132 (7th Cir. 2014) (noting this provision applied "straightforwardly" to the registration requirement, with criminal consequences for a failure to comply). Triebold's intentional act of omission had the consequence of depriving Wisconsin authorities of information concerning the location of his residence, a consequence expressly prohibited by WIS. STAT. § 301.45.[7] Section 301.45(4)(a), in conjunction with § 301.45(2)(a)5., requires a person subject to the sex offender registry to update the Wisconsin Department of Corrections with his or her address information within ten days after it changes, and the knowing failure to do so is criminalized by § 301.45(6)(a)1.

¶14 Triebold responds that his failure to update his address information had a "consequence" in only one place: the State of Minnesota. He reasons that because he lived in Minnesota, only persons in that state (including area residents and law enforcement) were denied notice that a sex offender had relocated to their community. He lists a number of institutions and individuals in Wisconsin that he claims were unaffected by his failure to update his address information—i.e., schools, local law enforcement, and other concerned citizens. But Triebold's argument fails to acknowledge the basic realities that none of these individuals or entities could receive a future notice of any applicable residency change if the Department lost track of him due to his failure to comply. Triebold also fails to recognize that—given his prior commission of a crime in Wisconsin requiring his

---

[7] Triebold has not set forth any argument regarding the necessary mental state for territorial jurisdiction under WIS. STAT. § 939.03(1)(c) to attach. As the State observes, Triebold does not dispute "his knowledge of Wisconsin's mandatory reporting requirement, his intent not to comply with it while living in Minnesota, [or] his failure to report his change of address." We generally confine our analysis to the arguments raised on appeal. *See Industrial Risk Insurers v. American Eng'g Testing, Inc.*, 2009 WI App 62, ¶25, 318 Wis. 2d 148, 769 N.W.2d 82. In any event, Triebold admitted to Minnesota authorities that "he knew he was supposed to change his address and said it was on his to-do list."

lifetime registration as a sex offender—all Wisconsin individuals and entities have a continuing interest in knowing where he resides, even if that is out of state.

¶15 Overall, Triebold presents a myopic argument that focuses only on where he moved rather than the effect of his failure to update his registration in this state more broadly. We do not read WIS. STAT. § 939.03(1)(c)'s "cause in this state a consequence" language as narrowly as Triebold does, at least as it relates to a sex offender's continuing obligation to provide updated information on his or her residence. Indeed, "the general criminal-law rule [is] that a crime involving a failure to act is committed at the place where the act is required to be performed …." *State v. Gantt*, 201 Wis. 2d 206, 211, 548 N.W.2d 134 (Ct. App. 1996). Triebold's failure to update his registration with Wisconsin authorities quite obviously had a consequence that is prohibited by this State's criminal law, *see* WIS. STAT. § 301.45, thereby making territorial jurisdiction appropriate under § 939.03(1)(c). That Triebold's failure arises from his moving within another state—rather than within, to or from Wisconsin—does nothing to change this obvious consequence.[8]

¶16 Triebold offers a second layer on the foregoing analysis by invoking federal law preemption concepts. In this regard, he acknowledges that as a result of his behavior, Wisconsin's sex offender registry "was not 'kept current' with regard to Triebold's current residence" in Minnesota. But he argues that under the Sex

---

[8] That being so, we need not address the State's alternative argument that territorial jurisdiction is appropriate under WIS. STAT. § 939.03(1)(a). *See Maryland Arms Ltd. P'ship v. Connell*, 2010 WI 64, ¶48, 326 Wis. 2d 300, 786 N.W.2d 15 ("Issues that are not dispositive need not be addressed.").

Offender Registration and Notification Act (SORNA),[9] Wisconsin really has no interest at all in maintaining records regarding sex offenders residing in other states.

¶17 Triebold reaches this conclusion because federal law mandates sex offender registration "in each jurisdiction where the offender resides." *See* 34 U.S.C. § 20913(a) (2018).[10] When registration information changes, the offender is required to "appear in person in at least 1 jurisdiction involved pursuant to subsection (a)" so as to inform it of the changes, and that jurisdiction "shall immediately provide that information to all other jurisdictions in which the offender is required to register." Section 20913(c). And although federal law requires that the offender initially register in the state of conviction, *see* § 20913(a), Triebold argues he has no obligation under the statute to provide updated information to the state of conviction if he subsequently moves to another state.[11]

¶18 Of course, what federal law requires has no bearing on the enforcement of state law unless Congress has preempted state statutory schemes regulating in the same domain. "Courts presume that state law is not preempted unless preemption was the 'clear and manifest purpose of Congress.'" *Milwaukee City Hous. Auth. v. Cobb*, 2015 WI 27, ¶13, 361 Wis. 2d 359, 860 N.W.2d 267 (quoting *Miller Brewing Co. v. DILHR*, 210 Wis. 2d 26, 35, 563 N.W.2d 460

---

[9] SORNA was enacted as Title 1 of the Adam Walsh Child Protection and Safety Act of 2006, Pub. L. No. 109-248, 120 Stat. 587. For background regarding SORNA's enactment, *see Nichols v. United States*, 136 S. Ct. 1113, 1116 (2016).

[10] All references to the United States Code are to the 2018 version unless otherwise noted.

[11] Triebold's contention that he need not provide registration updates to the state of conviction has support in the language of 34 U.S.C. § 20913(a)—i.e., "[f]or initial registration purposes only"—and in *Nichols'* discussion of what is a "jurisdiction involved pursuant to subsection (a)," *see Nichols*, 136 S. Ct. at 1117. As a result, we accept for purposes of this appeal Triebold's assertion that the state in which the defendant is convicted is not a "jurisdiction involved" for purposes of updating registry information under § 20913(c).

(1997)). Federal preemption occurs when: (1) a federal law explicitly states that it has preemptive effect; (2) there is a pervasive scheme of federal regulation that leaves no room for states to supplement it; (3) there is a conflict between state and federal law so as to make compliance with both statutes a physical impossibility; or (4) a state law presents an obstacle to the accomplishment of the full purposes and objections of Congress. *Id.* (citing *Barnett Bank of Marion Cnty., N.A. v. Nelson*, 517 U.S. 25, 31 (1996)).

¶19    As an initial matter, the State argues Triebold has forfeited his argument that WIS. STAT. § 301.45 was preempted by federal law. Even assuming the State is correct, we nonetheless elect to reach the merits of Triebold's argument. "The forfeiture rule is a rule of judicial administration, and thus a reviewing court may disregard a forfeiture and address the merits of an unpreserved issue in an appropriate case." *State v. Counihan*, 2020 WI 12, ¶27, 390 Wis. 2d 172, 938 N.W.2d 530. We decline to apply the forfeiture rule in the interests of judicial economy because the issue is likely to recur. *See State v. McKellips*, 2016 WI 51, ¶47, 369 Wis. 2d 437, 881 N.W.2d 258 (noting one purpose of the rule is to conserve judicial resources).

¶20    On the merits, Triebold's argument appears to be that Congress's preemptive intent is demonstrated both explicitly by SORNA's provisions and implicitly because Wisconsin law presents an obstacle to congressional objectives. The former claim is based on 34 U.S.C. § 20912(a), which states that "[e]ach jurisdiction shall maintain a jurisdiction-wide sex offender registry conforming to the requirements of this subchapter." This congressional directive requiring states to enact parallel legislation hardly equates to an explicit statement that the federal government now exclusively possesses legislative authority over sex offender registration in the United States. Triebold's argument collapses under the

10

presumption that preemption has not occurred absent a "clear and manifest" congressional intent otherwise. *See* ***Milwaukee City Hous. Auth.***, 361 Wis. 2d 359, ¶13 (citation omitted). Any indication of an overriding intent is entirely absent here.

¶21    Triebold's latter claim fares no better. In arguing that Wisconsin law stands as an obstacle to the achievement of federal objectives, Triebold invokes 34 U.S.C. § 20901's statement that SORNA's general purpose was to "establish[] a comprehensive national system for the registration" of sex offenders. But Triebold fails to explain how Wisconsin thwarts this objective by requiring that persons convicted of sex crimes in this state update their registration even if they are living elsewhere. Like the federal registration law, Wisconsin's sex offender registration law is designed to protect the public and assist law enforcement. *See* ***State v. Bolling***, 2000 WI 6, ¶21, 232 Wis. 2d 561, 605 N.W.2d 199. "This purpose is served when the public and law enforcement officers have accurate information about the whereabouts of known sex offenders so that they can be monitored." ***State v. Dinkins***, 2012 WI 24, ¶45, 339 Wis. 2d 78, 810 N.W.2d 787. A convicted sex offender in this state moving to or within another state does not wholly relieve Wisconsin of any interest in the matter, as residence in an adjoining state may be established "just across the Wisconsin border, in Michigan, Illinois, Iowa or Minnesota." *See* ***Mueller***, 740 F.3d at 1132.

¶22    As the State correctly notes, "Prohibiting Wisconsin from making it even easier than federal law requires to track the movement of a convicted sex offender runs headlong into the purpose of the federal statute[, which is] to effectively keep tabs on convicted sex offenders as they move about the country."[12]

---

[12] We note Triebold offers little to rebut the State's arguments regarding preemption. Triebold's reply argument is mostly directed to the State's forfeiture argument, and it merely discusses the merits of the preemption issue in passing.

*Cf.* ***Reynolds v. United States***, 565 U.S. 432, 435 (2012) (discussing Congress's efforts to achieve nationwide compliance with registration-system standards). Congress's enactment of SORNA sets a "floor" for state registration laws, but the law leaves states free to regulate in ways that are consistent with the federal purpose. Wisconsin's requirement that sex offenders convicted in this state update their registry information whenever it changes, even if that change occurs in another state, poses no obstacles to the accomplishment of the federal objectives.

## II. Statutory Double Jeopardy

¶23    Next, Triebold argues that the State was statutorily prohibited by double jeopardy principles from prosecuting him for a violation of WIS. STAT. § 301.45 under the circumstances of this case. Triebold relies on WIS. STAT. § 939.71, which states, as relevant here:

> If an act forms the basis for a crime punishable … under a statutory provision of this state and the laws of another jurisdiction, a conviction … on the merits under one provision bars a subsequent prosecution under the other provision unless each provision requires proof of a fact for conviction which the other does not require.

Triebold argues that because he was convicted of a failure to update his registration under Minnesota law, § 939.71 forecloses a conviction in this state covering generally the same time period. We consider the application of § 939.71 independently. ***State v. Lasky***, 2002 WI App 126, ¶10, 254 Wis. 2d 789, 646 N.W.2d 53.

¶24    Triebold concedes that his dual convictions are permissible under constitutional double jeopardy principles. *See* ***Gamble v. United States***, 139 S. Ct. 1960, 1964 (2019) (reaffirming the dual-sovereignty doctrine, which holds that a crime under one sovereign's laws is not the same offense as a crime under the laws

12

of another sovereign). Accordingly, Triebold's challenge on double jeopardy grounds is purely a statutory matter under state law. But WIS. STAT. § 939.71 "substantially enacts the ***Blockburger*** [***v. United States***, 284 U.S. 299, 304 (1932)] test for determining whether the two offenses are the 'same offense' for double jeopardy purposes." ***State v. Vassos***, 218 Wis. 2d 330, 335, 579 N.W.2d 35 (1998). ***Blockburger***, in turn, states that the test for determining whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not. ***Blockburger***, 284 U.S. at 304.

¶25 Under the circumstances here, we conclude that WIS. STAT. § 301.45(6)(a)1. and MINN. STAT. § 243.166, subd. 5(a) require proof of different facts. Criminal liability under either statute is predicated upon a failure to comply with the applicable registration requirements of the particular state—here, the failure to update address information to the relevant state agency. A violation on these grounds required the State of Minnesota to demonstrate that Triebold had failed to "give written notice of the new primary address to the assigned corrections agent or to the law enforcement authority with which [he] currently is registered." MINN. STAT. § 243.166, subd. 3(b). A "law enforcement authority" refers specifically to law enforcement entities located in Minnesota. *See* § 243.166, subd. 1a(f).

¶26 Triebold was not prosecuted in Wisconsin with failing to provide his new address to Minnesota authorities. Rather, he was separately required under this state's law to provide his updated address information—and not to Minnesota authorities, but to the Wisconsin Department of Corrections. *See* WIS. STAT. § 301.45(4)(a); WIS. STAT. § 301.01(1). We note that nowhere in his briefing does Triebold address the foregoing analysis, which was advanced by the State in its

response brief. Accordingly, we conclude the registration crimes were legally distinct for purposes of WIS. STAT. § 939.71.[13]

¶27 Triebold, in a final effort to demonstrate the indistinct natures of the charges against him in both states, asserts that he cannot be convicted of both crimes because he was "not required to provide dual notifications" under federal law. This argument is merely a repackaging of his assertions regarding preemption, which we have already rejected. Accordingly, we conclude that WIS. STAT. § 939.71 does not prohibit Triebold's convictions for failure to update his address information in both Minnesota and Wisconsin under these circumstances.

*By the Court.*—Judgment affirmed.

---

[13] Notably, Minnesota does appear to have criminalized, under some circumstances, the failure to update registration information in another state. *See* MINN. STAT. § 243.166, subd. 3(b) ("If the person will be living in a new state and that state has a registration requirement, the person shall also give written notice of the new address to the designated registration agency in the new state."). But there is no indication in the record—and Triebold does not argue—that he was prosecuted in Minnesota for failing to update his registration with Wisconsin authorities, and he would not be subject to this provision in any event because he had moved only within Minnesota.